[No. 21822. Department Two. May 27, 1929.]

THE STATE OF WASHINGTON, *on the Relation of J. K. McDowall, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

*John G. Barnes,* for relator.

*Bausman, Oldham & Eggerman* and *Hart Snyder,* for respondents.

MILLARD, J.—In this case, before us upon the petition and affidavit of the relator and the return of the re-

[1]Reported in 277 Pac. 850.

spondent to an alternative writ of prohibition, the relator seeks to restrain the superior court for King county from enforcing its order for the appearance of the garnishee judgment debtor for examination in proceedings supplementary to execution.

On motion and affidavit of David H. Jarvis, who is plaintiff in the cause in which William McDowall is defendant, and relator is garnishee defendant, the superior court for King county,

" . . . it appearing from the files and records herein that supplemental proceedings are proper, and the court being fully advised in the premises,"

entered an order that the garnishee judgment debtor appear before that court to answer concerning his property, and to show cause why he should not apply the same towards the satisfaction of the judgment in the action in which the proceedings were entitled.

The judgment debtor appeared specially by counsel, and moved that the order be vacated upon the ground that the court did not have jurisdiction to enter the order, as no proof by affidavit or other competent written evidence was before the court showing that the judgment debtor

" . . . resides in, or does business within the state of Washington, or that he resides in, or does business within the county of King, state of Washington."

The motion was denied.

Counsel for relator argues that every step necessary to its consummation is jurisdictional in a special proceeding, and that proceedings supplementary to execution are "special proceedings." It is insisted that the court did not have jurisdiction to enter an order compelling the relator to appear for examination at a place without the county of his residence or place of business; that it was a jurisdictional condition precedent that the affidavit upon which the order was based must

contain the evidence of such place of residence or place of business.

■ It is true that supplementary proceedings are special proceedings, but they are proceedings in the original action auxiliary thereto, so that the court may judicially notice the record therein.

" . . . that proceedings supplementary to execution are not an independent proceeding but are merely auxiliary to the original action and a continuance thereof." *State ex rel. Canal Tire Co. v. Hall,* 120 Wash. 449, 207 Pac. 685.

■ The superior court for King county is a court of general jurisdiction. Its process may issue to any county in the state for the purpose of bringing in a party to an action or proceeding. The rule is that the residence of the parties to an action brought in a court of general jurisdiction need not be averred unless the statute otherwise provides.

■ The required showing for an order for examination of the debtor is clearly detailed in the statute:

"At any time within six years after entry of judgment for the sum of twenty-five dollars or over, and after the return of an execution against property wholly or partially unsatisfied upon proof thereof, by affidavit or other competent written evidence satisfactory to the judge, . . . such court or judge may, by an order require the judgment debtor to appear at a specified time and place before the judge granting the order, or a referee appointed by him to answer concerning the same . . . " Rem. Comp. Stat., § 613.

The judgment creditor must set out such facts as are contemplated by the statute to warrant the issuance of the order. The affidavit of the judgment creditor complied with the statutory prerequisites. It is dated January 23, 1929, and reads as follows:

"I am the plaintiff in the above-entitled action. I am informed and believe that the garnishee judgment

debtor J. K. McDowall, has property which he is unjustly concealing and refusing to apply to the satisfaction of the judgment herein. Said judgment is in the sum of $5,572.08, with interest at 8% from March 9, 1928, and costs of garnishment. Said judgment was entered in this court on the 9th day of March, 1928. Execution has been duly issued and has been returned by the sheriff of King county wholly unsatisfied. No part of this judgment has been paid except $500 thereof, and supplemental proceedings are proper at this time."

The debtor was duly served with a copy of the order to appear for examination and answer concerning his property under the provisions of Rem. Comp. Stat., § 613.

It is urged that, under Rem. Comp. Stat., § 631, a debtor cannot be compelled to attend before a judge out of the county in which he resides or in which he has a place of business. The pertinent portion of Rem. Comp. Stat., § 631, reads as follows:

"A judgment debtor who resides or does business in the state cannot be compelled to attend pursuant to an order made under the provisions of this chapter at a place without the county where his residence or place of business is situated."

The jurisdictional steps are recited in Rem. Comp. Stat., § 613, as hereinbefore stated. The debtor was summoned, appeared specially and answered, and objected to the failure of the judgment creditor to show in his affidavit the place of business or of the residence of the judgment debtor. The debtor may not be a resident of King county, and may not conduct any business therein, and yet he may be required to appear and answer in the absence of his making a showing that he neither did business nor resided in that county. Proceedings supplementary to execution are not a new suit or separate action. They are simply a step in aid of the satisfaction of the judgment of the court by

proceedings ancillary to the judgment, the validity of which the debtor does not question.

The New York authorities cited are not applicable. In that state, a proceeding supplementary to execution is not a part of the original action, but independent thereof, while in this state the proceeding is auxiliary to the original action and a continuance thereof. The provisions of the statutes of the two states are dissimilar.

The temporary writ is quashed, and the peremptory writ is denied.

FRENCH, MAIN, and PARKER, JJ., concur.