[No. 45480-7-II.   Division Two.   April 28, 2015.]

THE ESTATE OF WILLIAM BREMER, *Respondent*, v. GLEN L. WALKER, *Appellant*.

452

*Charles M. Cruikshank III*, for appellant.

*Pierre E. Acebedo* and *Cindy Johnson Acebedo* (of *Acebedo & Johnson LLC*), for respondent.

¶1 MAXA, J. — This appeal arises from supplemental proceedings to enforce a judgment the estate of William Bremer obtained against Glen Walker. Walker appeals the trial court's denial of two motions to revise orders entered by the trial court commissioner as part of the supplementary proceedings, and also appeals several attorney fee awards made by the trial court commissioner and the trial court. We hold that the trial court commissioner had authority under RCW 6.32.190 to compel Walker to appear in Pierce County for supplemental proceedings examinations even though he resided in King County because Walker did not produce evidence that he did not do business in Pierce County. However, we further hold that the orders relating to the initial supplemental proceedings examination are invalid because Walker was not served with a court order directing him to appear at a new time that opposing counsel selected for the examination. We address Walker's remaining arguments in the unpublished portion of this opinion.

¶2 We affirm in part, reverse in part, and remand for entry of findings of fact and conclusions of law regarding three attorney fee awards.

FACTS

¶3 In 2009, Bremer contracted with Walker to sell commercial property in Pierce County at which Walker operated an auto repair business. Walker defaulted on the contract and forfeited his interest, but he refused to vacate

the property. In 2012, Bremer's estate (hereinafter Bremer) initiated an unlawful detainer action against Walker in Pierce County Superior Court. The trial court ordered a writ of restitution, and entered a judgment against Walker in favor of Bremer in the amount of Bremer's attorney fees and costs.

### April/May 2013 Supplemental Proceedings

¶4 On April 11, 2013, Bremer moved the trial court for an order directing Walker to appear for an examination supplemental to execution of the judgment for fees and costs. The trial court commissioner issued an order for supplemental proceedings, directing Walker to appear to be examined at Pierce County Superior Court on April 30 at 1:30 PM. Bremer also filed a note for the commissioner's calendar stating that there would be a hearing at that place and date. Bremer served Walker's attorney with copies of the motion, the order, and the calendar note showing the April 30 hearing date.

¶5 A memorandum of journal entry dated April 30 states that Bremer's attorney appeared in court but that nobody appeared for Walker. The memorandum states, "Counsel to renote the matter. No service upon the respondent [Walker]." Clerk's Papers (CP) at 10. On that same date, Bremer filed a note for commissioner's calendar stating that a hearing would take place on May 17. However, the commissioner did not enter an order requiring Walker to appear on May 17.

¶6 Later that evening, a process server successfully served Walker with the supplemental proceedings documents at his residence in King County. Bremer alleges that the note for commissioner's calendar stating the May 17 date was one of the documents served.

¶7 On May 17, Bremer's attorney appeared in court, but again neither Walker nor his attorney appeared. At Bremer's request, the commissioner ordered issuance of a bench warrant for Walker's arrest to bring him before the

court to "show cause why he should not be convicted of Contempt of Court" and awarded Bremer attorney fees and costs in the amount of $3,116.50 for Walker's failure to appear. CP at 13.

¶8 Walker was arrested and subsequently released on bail. The commissioner later quashed the warrant and ordered that Walker appear to show cause why he should not appear for supplemental proceedings. At the show cause hearing on August 12, Walker apparently argued that the May 17 show cause order and attorney fees judgment was invalid on various grounds. The commissioner "reinstated" the May 17 order, and directed Walker to appear for supplemental proceedings. CP at 104.

¶9 Walker filed a motion for revision of the commissioner's August 12 order. The trial court denied the motion to revise following a hearing on September 13. The trial court reserved ruling on an award of attorney fees. Walker appealed this September 13 order.

*January 2014 Supplemental Proceedings*

¶10 On December 3, 2013, Bremer moved the trial court for a new order directing Walker to appear for a supplemental proceeding examination. On that date, the trial court commissioner issued the order directing Walker to appear for examination on January 2, 2014. Bremer also filed a note for the commissioner's calendar stating that a hearing would take place on that date. Bremer successfully served Walker with this order, the underlying affidavit, and the calendar note listing the January 2 hearing date.

¶11 Walker appeared at the January 2 hearing without his attorney. But he refused to be sworn, stating that he could not testify because he was medicated. The commissioner ordered Walker to appear in two weeks to show cause why a bench warrant should not be issued against him for refusal to comply with the order for a supplemental proceedings examination. The commissioner also awarded Bremer $315 for reasonable attorney fees.

¶12  Walker moved for revision of the December 3 supplemental proceedings examination order and the January 2 show cause order. The trial court denied this motion on January 24. The trial court also awarded Bremer $500 for reasonable attorney fees.

¶13  Walker could not appear at the January 14 hearing because he was hospitalized, and the commissioner continued the hearing until January 23. On January 23, Bremer's attorney appeared in court but neither Walker nor his attorney appeared. The commissioner ordered the issuance of a bench warrant for Walker's arrest to bring him before the court to again show cause why he should not be convicted of contempt, and also awarded Bremer attorney fees and costs in the amount of $3,475.50 for Walker's failure to appear.

¶14  Walker appealed both the January 23 bench warrant order and attorney fees award and the January 24 denial of his motion to revise the December 3 and January 2 orders.

*Additional Motions*

¶15  On February 27, 2014, Walker filed a motion for an order determining procedures for proceedings supplemental to judgment. The trial court denied the motion and reserved the issue of an award of attorney fees to Bremer. Bremer moved for presentation of findings of fact and conclusions of law relating to his request for attorney fees. On April 11, the trial court entered findings of fact and conclusions of law on Bremer's request for attorney fees relating to Walker's February 27 motion, and approved Bremer's request for $903 in attorney fees. The trial court then entered an order awarding attorney fees in the amount of $1,403, which included an additional $500 in attorney fees incurred at the attorney fee hearing.

¶16  Later that same day, the parties appeared before the commissioner for a hearing on Walker's motion to vacate the outstanding January 23 bench warrant. The commis-

sioner vacated the warrant, but awarded Bremer attorney fees in the amount of $420.

¶17 Walker appealed both the trial court's April 11 attorney fee award and the commissioner's April 11 attorney fee award.

## ANALYSIS

### A. VENUE OF SUPPLEMENTAL PROCEEDINGS EXAMINATION

¶18 Walker argues that all of the orders in this case are invalid because the trial court lacked the jurisdictional authority to compel him to appear at a supplemental proceedings examination in Pierce County. We hold that the trial court had jurisdiction over Walker, but that under RCW 6.32.190 it could not exercise that jurisdiction to compel Walker to appear in Pierce County if Walker showed that he did not reside or do business in Pierce County. However, we further hold that the trial court did not err in compelling Walker's attendance in Pierce County for a supplemental proceedings examination because he did not produce any evidence that he did not do business in Pierce County.

¶19 RCW 6.32.190 states that a judgment debtor can be compelled to attend a supplemental proceedings examination only in the county in which he resides or does business. But this statute does not affect the trial court's jurisdiction. Supplemental proceedings generally are ancillary to the underlying action, and the trial court retains personal jurisdiction over the parties to that action for purposes of those supplemental proceedings. *Allen v. Am. Land Research*, 95 Wn.2d 841, 850, 631 P.2d 930 (1981) (*Allen* II); *State ex rel. McDowall v. Superior Court*, 152 Wash. 323, 326-27, 277 P. 850 (1929). Therefore, a judgment creditor is not required to allege or prove the debtor's residence or place of business in order to compel the debtor to attend a supplemental proceeding examination in the jurisdiction where the underlying action was litigated. *McDowall*, 152 Wash. at 326.

¶20 However, even though the trial court may have jurisdiction, RCW 6.32.190 acts as a statutory restriction on supplemental proceedings examinations that prevents the trial court from ordering them to occur outside the county where the debtor resides or does business. *Allen v. Am. Land Research*, 25 Wn. App. 914, 924, 611 P.2d 420 (1980) (*Allen* I), *rev'd on other grounds*, 95 Wn.2d 841. Therefore, if a debtor shows that he does not reside or do business in a county where a supplemental proceedings examination has been ordered, he cannot be compelled to appear in that county. *See McDowall*, 152 Wash. at 326; *Allen* I, 25 Wn. App. at 924.

¶21 Bremer argues that *Allen* II overruled *Allen* I. We disagree. The Supreme Court in *Allen* II did reverse our decision in *Allen* I. 95 Wn.2d at 852-53. But the court based its decision on a provision in the Consumer Protection Act (CPA), ch. 19.86 RCW. RCW 19.86.080 permits a trial judge to make any necessary orders to enforce an order of restitution under the CPA. *Allen* II, 95 Wn.2d at 850-51. The court expressly stated that it was not addressing the type of supplemental proceedings governed by chapter 6.32 RCW: "The ancillary proceedings in the subject case were not the 'normal supplemental proceedings [wherein] the prevailing party only seeks to discover the other party's property in order to satisfy a judgment.'" *Id.* at 850 (alteration in original) (quoting *State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 87 Wn.2d 327, 334, 553 P.2d 442 (1976)). The court in *Allen* II did not address RCW 6.32.190.

¶22 Under *McDowall*, it is the judgment debtor's burden to show that he does not reside or do business in the county in which he is ordered to appear for supplemental proceedings in order to rely on RCW 6.32.190. 152 Wash. at 326-27. Here, Walker could have avoided any orders requiring him to appear in Pierce County for a supplemental proceedings examination if he had submitted evidence to the trial court that he did not reside or do business in Pierce County. We assume from the record that Walker resided in King County,

because he was served at his residence in Kent. Walker also claims in his appellate briefing that he no longer operates a business in Pierce County. However, the record does not show that Walker submitted any evidence in the trial court that he did not do business in Pierce County, and nothing in the record shows that he did not do business in Pierce County.

¶23 Walker did not meet his burden under *McDowall* of showing that he did not do business in Pierce County. Therefore, we hold that the orders requiring Walker to appear in Pierce County for supplemental proceedings examinations were not invalid under RCW 6.32.190.

### B. ORDER DIRECTING A JUDGMENT DEBTOR TO APPEAR

¶24 Walker argues that we must vacate the September 13, 2013 order denying his motion to revise the commissioner's order relating to the May 17, 2013 supplemental proceedings examination because he was not served with an enforceable court order to appear on that date. We agree.

¶25 RCW 6.32.010 provides:

[U]pon application by the judgment creditor such court or judge may, *by an order*, require the judgment debtor to appear at a specified time and place before the judge granting the order . . . to answer concerning [a judgment].

(Emphasis added.) Under the plain statutory language, a judgment debtor must appear at a particular time and place only if required by a court order. Further, RCW 6.32.130 provides that copies of such an order and the affidavit on which the order was made must be served on the judgment debtor.

¶26 Here, the commissioner entered an order that complied with RCW 6.23.010 directing Walker to appear on April 30, 2013 at 1:30 PM. However, Walker was not served with the order before that date and time. As a result, when he was served with that order later that evening, the order

no longer was enforceable. A person cannot be required to appear at a time in the past.

¶27 Bremer argues that Walker was properly served with the commissioner's order and note for the commissioner's calendar showing a hearing date of May 17, 2013. However, even if this is true, the note for the commissioner's calendar was not a court order directing Walker to appear on May 17 as required under RCW 6.32.010. The note is addressed to Walker's attorney and asks only that he "take notice that an issue of law in this case will be heard on the date and time shown below." CP at 9. Accordingly, Walker was not required to appear on May 17 for a supplemental proceedings examination.[1]

¶28 We hold that the commissioner erred by entering the May 17, 2013 order issuing a bench warrant and awarding attorney fees against Walker, and therefore that the trial court erred in denying Walker's motion to revise that order. Accordingly, we reverse and vacate the September 13, 2013 order denying the motion for revision and remand with instructions to vacate the May 17 order and the August 12 order relating to the May 17 order.

¶29 We affirm in part, reverse in part, and remand for entry of findings of fact and conclusions of law regarding three attorney fee awards as discussed in the unpublished portion of this decision.

¶30 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE and MELNICK, JJ., concur.

---

[1] Our holding does not apply to the situation where both parties agree to continue a supplemental proceedings examination to a future date or where the trial court continues the examination with both parties present.