FILED
COURT OF APPEALS
DIVISION II

2015 APR 28 AM 8: 36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| THE ESTATE OF WILLIAM BREMER, | No. 45480-7-II |
| Respondent, | |
| v. | |
| GLEN L. WALKER, an individual, | PART PUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. — This appeal arises from supplemental proceedings to enforce a judgment the estate of William Bremer obtained against Glen Walker. Walker appeals the trial court's denial of two motions to revise orders entered by the trial court commissioner as part of the supplementary proceedings, and also appeals several attorney fee awards made by the trial court commissioner and the trial court. We hold that the trial court commissioner had authority under RCW 6.32.190 to compel Walker to appear in Pierce County for supplemental proceedings examinations even though he resided in King County because Walker did not produce evidence that he did not do business in Pierce County. However, we further hold that the orders relating to the initial supplemental proceedings examination are invalid because Walker was not served with a court order directing him to appear at a new time that opposing counsel selected for the examination. We address Walker's remaining arguments in the unpublished portion of this opinion.

We affirm in part, reverse in part, and remand for entry of findings of fact and conclusions of law regarding three attorney fee awards.

## FACTS

In 2009, Bremer contracted with Walker to sell commercial property in Pierce County at which Walker operated an auto repair business. Walker defaulted on the contract and forfeited his interest, but he refused to vacate the property. In 2012, Bremer's estate (hereinafter Bremer) initiated an unlawful detainer action against Walker in Pierce County Superior Court. The trial court ordered a writ of restitution, and entered a judgment against Walker in favor of Bremer in the amount of Bremer's attorney fees and costs.

*April/May 2013 Supplemental Proceedings*

On April 11, 2013, Bremer moved the trial court for an order directing Walker to appear for an examination supplemental to execution of the judgment for fees and costs. The trial court commissioner issued an order for supplemental proceedings, directing Walker to appear to be examined at Pierce County Superior Court on April 30 at 1:30 PM. Bremer also filed a note for the commissioner's calendar stating that there would be a hearing at that place and date. Bremer served Walker's attorney with copies of the motion, order, and the calendar note showing the April 30 hearing date.

A memorandum of journal entry dated April 30 states that Bremer's attorney appeared in court but that nobody appeared for Walker. The memorandum states, "Counsel to renote the matter. No service upon the respondent [Walker]." Clerk's Papers (CP) at 10. On that same date, Bremer filed a note for commissioner's calendar stating that a hearing would take place on

May 17. However, the commissioner did not enter an order requiring Walker to appear on May 17.

Later that evening, a process server successfully served Walker with the supplemental proceedings documents at his residence in King County. Bremer alleges that the note for commissioner's calendar stating the May 17 date was one of the documents served.

On May 17, Bremer's attorney appeared in court, but again neither Walker nor his attorney appeared. At Bremer's request, the commissioner ordered issuance of a bench warrant for Walker's arrest to bring him before the court to "show cause why he should not be convicted of Contempt of Court" and awarded Bremer attorney fees and costs in the amount of $3,116.50 for Walker's failure to appear. CP at 13.

Walker was arrested and subsequently released on bail. The commissioner later quashed the warrant and ordered that Walker appear to show cause why he should not appear for supplemental proceedings. At the show cause hearing on August 12, Walker apparently argued that the May 17 show cause order and attorney fees judgment was invalid on various grounds. The commissioner "reinstated" the May 17 order, and directed Walker to appear for supplemental proceedings. CP at 104.

Walker filed a motion for revision of the commissioner's August 12 order. The trial court denied the motion to revise following a hearing on September 13. The trial court reserved ruling on an award of attorney fees. Walker appealed this September 13 order.

*January 2014 Supplemental Proceedings*

On December 3, 2013, Bremer moved the trial court for a new order directing Walker to appear for a supplemental proceeding examination. On that date, the trial court commissioner issued the order directing Walker to appear for examination on January 2, 2014. Bremer also filed a note for the commissioner's calendar stating that a hearing would take place on that date. Bremer successfully served Walker with this order, the underlying affidavit, and the calendar note listing the January 2 hearing date.

Walker appeared at the January 2 hearing without his attorney. But he refused to be sworn, stating that he couldn't testify because he was medicated. The commissioner ordered Walker to appear in two weeks to show cause why a bench warrant should not be issued against him for refusal to comply with the order for a supplemental proceedings examination. The commissioner also awarded Bremer $315 for reasonable attorney fees.

Walker moved for revision of the December 3 supplemental proceedings examination order and the January 2 show cause order. The trial court denied this motion on January 24. The trial court also awarded Bremer $500 for reasonable attorney fees.

Walker could not appear at the January 14 hearing because he was hospitalized, and the commissioner continued the hearing until January 23. On January 23, Bremer's attorney appeared in court but neither Walker nor his attorney appeared. The commissioner ordered the issuance of a bench warrant for Walker's arrest to bring him before the court to again show cause why he should not be convicted of contempt, and also awarded Bremer attorney fees and costs in the amount of $3,475.50 for Walker's failure to appear.

4

Walker appealed both the January 23 bench warrant order and attorney fees award and the January 24 denial of his motion to revise the December 3 and January 2 orders.

*Additional Motions*

On February 27, 2014, Walker filed a motion for an order determining procedures for proceedings supplemental to judgment. The trial court denied the motion and reserved the issue of an award of attorney fees to Bremer. Bremer moved for presentation of findings of fact and conclusions of law relating to his request for attorney fees. On April 11, the trial court entered findings of fact and conclusions of law on Bremer's request for attorney fees relating to Walker's February 27 motion, and approved Bremer's request for $903 in attorney fees. The trial court then entered an order awarding attorney fees in the amount of $1,403, which included an additional $500 in attorney fees incurred at the attorney fee hearing.

Later that same day, the parties appeared before the commissioner for a hearing on Walker's motion to vacate the outstanding January 23 bench warrant. The commissioner vacated the warrant, but awarded Bremer attorney fees in the amount of $420.

Walker appealed both the trial court's April 11 attorney fee award and the commissioner's April 11 attorney fee award.

ANALYSIS

A.    VENUE OF SUPPLEMENTAL PROCEEDINGS EXAMINATION

Walker argues that all of the orders in this case are invalid because the trial court lacked the jurisdictional authority to compel him to appear at a supplemental proceedings examination in Pierce County. We hold that the trial court had jurisdiction over Walker, but that under RCW 6.32.190 it could not exercise that jurisdiction to compel Walker to appear in Pierce County if

5

Walker showed that he did not reside or do business in Pierce County. However, we further hold that the trial court did not err in compelling Walker's attendance in Pierce County for a supplemental proceedings examination because he did not produce any evidence that he did not do business in Pierce County.

RCW 6.32.190 states that a judgment debtor can be compelled to attend a supplemental proceedings examination only in the county in which he resides or does business. But this statute does not affect the trial court's jurisdiction. Supplemental proceedings generally are ancillary to the underlying action, and the trial court retains personal jurisdiction over the parties to that action for purposes of those supplemental proceedings. *Allen v. Am. Land Research*, 95 Wn.2d 841, 850, 631 P.2d 930 (1981) (*Allen* II); *State ex rel. McDowell v. Super. Ct. for King County*, 152 Wash. 323, 326-27, 277 P. 850 (1929). Therefore, a judgment creditor is not required to allege or prove the debtor's residence or place of business in order to compel the debtor to attend a supplemental proceeding examination in the jurisdiction where the underlying action was litigated. *McDowell*, 152 Wash. at 326.

However, even though the trial court may have jurisdiction, RCW 6.32.190 acts as a statutory restriction on supplemental proceedings examinations that prevents the trial court from ordering them to occur outside the county where the debtor resides or does business. *Allen v. Am. Land Research,* 25 Wn. App. 914, 924, 611 P.2d 420 (1980) (*Allen* I), *rev'd on other grounds*, 95 Wn.2d 841, 631 P.2d 930 (1981). Therefore, if a debtor shows that he does not reside or do business in a county where a supplemental proceedings examination has been ordered, he cannot be compelled to appear in that county. *See McDowell*, 152 Wash. at 326; *Allen* I, 25 Wn. App. at 924.

6

Bremer argues that *Allen* II overruled *Allen* I. We disagree. The Supreme Court in *Allen II* did reverse our decision in *Allen* I. 95 Wn.2d at 852-53. But the court based its decision on a provision in the Consumer Protection Act (CPA), ch. 19.86 RCW. RCW 19.86.080 permits a trial judge to make any necessary orders to enforce an order of restitution under the CPA. *Allen* II at 850-51. The court expressly stated that it was not addressing the type of supplemental proceedings governed by chapter 6.32 RCW: "The ancillary proceedings in the subject case were not the 'normal supplemental proceedings [wherein] the prevailing party only seeks to discover the other party's property in order to satisfy a judgment.' " *Id.* at 850 (quoting *State v. Ralph Williams' Nw. Chrysler Plymouth, Inc.*, 87 Wn.2d 327, 334, 553 P.2d 442 (1976)). The court in *Allen* II did not address RCW 6.32.190.

Under *McDowell*, it is the judgment debtor's burden to show that he does not reside or do business in the county in which he is ordered to appear for supplemental proceedings in order to rely on RCW 6.32.190. 152 Wash. at 326-27. Here, Walker could have avoided any orders requiring him to appear in Pierce County for a supplemental proceedings examination if he had submitted evidence to the trial court that he did not reside or do business in Pierce County. We assume from the record that Walker resided in King County, because he was served at his residence in Kent. Walker also claims in his appellate briefing that he no longer operates a business in Pierce County. However, the record does not show that Walker submitted any evidence in the trial court that he did not do business in Pierce County, and nothing in the record shows that he did not do business in Pierce County.

7

Walker did not meet his burden under *McDowell* of showing that he did not do business in Pierce County. Therefore, we hold that the orders requiring Walker to appear in Pierce County for supplemental proceedings examinations were not invalid under RCW 6.32.190.

B.      ORDER DIRECTING A JUDGMENT DEBTOR TO APPEAR

Walker argues that we must vacate the September 13, 2013 order denying his motion to revise the commissioner's order relating to the May 17, 2013 supplemental proceedings examination because he was not served with an enforceable court order to appear on that date. We agree.

RCW 6.32.010 provides:

[U]pon application by the judgment creditor such court or judge may, *by an order*, require the judgment debtor to appear at a specified time and place before the judge granting the order . . . to answer concerning [a judgment].

(Emphasis added). Under the plain statutory language, a judgment debtor must appear at a particular time and place only if required by a court order. Further, RCW 6.32.130 provides that copies of such an order and the affidavit on which the order was made must be served on the judgment debtor.

Here, the commissioner entered an order that complied with RCW 6.23.010 directing Walker to appear on April 30, 2013 at 1:30 PM. However, Walker was not served with the order before that date and time. As a result, when he was served with that order later that evening, the order no longer was enforceable. A person cannot be required to appear at a time in the past.

Bremer argues that Walker was properly served with the commissioner's order and note for the commissioner's calendar showing a hearing date of May 17, 2013. However, even if this is true, the note for the commissioner's calendar was not a court order directing Walker to appear

on May 17 as required under RCW 6.32.010. The note is addressed to Walker's attorney and asks only that he "take notice that an issue of law in this case will be heard on the date and time shown below." CP at 9. Accordingly, Walker was not required to appear on May 17 for a supplemental proceedings examination.[1]

We hold that the commissioner erred by entering the May 17, 2013 order issuing a bench warrant and awarding attorney fees against Walker, and therefore that the trial court erred in denying Walker's motion to revise that order. Accordingly, we reverse and vacate the September 13, 2013 order denying the motion for revision and remand with instructions to vacate the May 17 order and the August 12 order relating to the May 17 order.

We affirm in part, reverse in part, and remand for entry of findings of fact and conclusions of law regarding three attorney fee awards as discussed in the unpublished portion of this decision.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Walker argues that the trial court commissioner erred by issuing an ex parte order that adjudicated Walker in contempt when he failed to appear for the January 23, 2014 supplemental proceedings examination, and by entering attorney fee awards on January 2, January 23, and April 11, 2014. He further argues that the trial court erred by entering an attorney fee award on

---

[1] Our holding does not apply to the situation where both parties agree to continue a supplemental proceedings examination to a future date or where the trial court continues the examination with both parties present.

9

April 11, 2014 that was not fully supported by findings of fact and conclusions of law. We hold that the trial court commissioner did not err in entering the January 23 order ex parte or in making the January 2 attorney fee award. However, we hold that the trial court commissioner erred in entering attorney fee awards on January 23 and April 11 in amounts that were not supported by findings of fact and conclusions of law, and that the trial court erred in entering $500 of the April 11 attorney fee award because the trial court did not make a record to support that portion of the award.

A.    ORDER RELATING TO WALKER'S FAILURE TO APPEAR

1.    Entering Order Ex Parte

Walker argues that the commissioner erred by issuing an ex parte order when he failed to appear on January 23, 2014.[2] Walker appears to claim that the commissioner could grant such relief only if Bremer provided proper notice to Walker. We disagree.

We review the issuance of ex parte orders for an abuse of discretion. *See State v. Hotrum*, 120 Wn. App. 681, 683, 87 P.3d 766 (2004). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Cook v. Brateng*, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014).

Walker argues that the commissioner made an adjudication of contempt ex parte on January 23. But as discussed below, the commissioner did not find Walker guilty of contempt. Instead, the commissioner ordered the issuance of a bench warrant for Walker's arrest to bring

---

[2] Walker also argues that "[t]he three fee awards, two bench warrant orders and two adjudications of contempt on May 17, 2013 and January 2 and January 23, 2014 were all entered ex parte." Br. of Appellant at 12-13. But we have vacated the May 17 order on other grounds and Walker was present at the hearing on January 2.

him before the court to show cause why he should not be found in contempt. Walker provides no authority suggesting that an order for issuance of a bench warrant cannot be issued ex parte when a judgment debtor fails to appear for a supplemental proceedings examination.

Walker also argues that the commissioner could not award attorney fees ex parte. However, RCW 6.32.010 authorizes a court to award attorney fees if a judgment debtor fails to appear for a supplemental proceedings examination. And a court generally may hold remedial proceedings ex parte when the defendant has failed to appear. *See Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson*, 95 Wn. App. 231, 240, 974 P.2d 1275 (1999) (noting that a defaulting defendant need not be given notice of a damages hearing); RCW 4.28.210 ("[W]hen a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him or her."). Walker provides no authority suggesting that a commissioner cannot award attorney fees ex parte when a judgment debtor fails to appear for a supplemental proceedings examination.

We hold that the commissioner did not err by ordering issuance of a bench warrant and awarding attorney fees ex parte when Walker failed to appear for his supplemental proceedings examination on January 23.

2.    Contempt Order

Walker argues that the commissioner's January 23, 2014 order requesting the issuance of a bench warrant and awarding attorney fees violated the law of contempt because the commissioner summarily adjudicated his contempt charges. We disagree because the commissioner never entered a finding of contempt against Walker.

RCW 6.32.180 provides that a court presiding over supplemental proceedings has the authority to hold parties in contempt for failure to comply with examination orders or attend examination hearings. However, at supplementary proceedings, a court may not summarily judge a party guilty of contempt for acts occurring outside its presence. *Dimmick v. Hume*, 62 Wn.2d 407, 409, 382 P.2d 642 (1963). A failure to appear is considered an act outside the presence of the court. *See State v. Winthrop*, 148 Wash. 526, 532, 269 P. 793 (1928); *State v. Jordan*, 146 Wn. App. 395, 403, 190 P.3d 516 (2008). "One aspect of the contempt, the fact of absence, is, of course, obvious to the court, but the explanation of the absence is not known and the facts may be such as to excuse the apparent contempt." *State v. Hatten*, 70 Wn.2d 618, 621, 425 P.2d 7 (1967). Due process requires that a party who fails to appear be given notice and an opportunity to respond before the court finds him in contempt. *See id.*; *Jordan*, 146 Wn. App. at 404.

Walker argues that the commissioner summarily adjudicated him guilty of contempt for failing to appear on January 23 without giving him an opportunity to contest the contempt charge. However, the commissioner did not adjudicate the contempt charge before issuing the order or find Walker guilty of contempt in the order. Instead, it issued an order for a bench warrant for Walker's arrest and ordered him brought before the court *for a hearing* to answer the contempt charge. In fact, Walker was never found guilty of contempt.

In the January 23 order, the commissioner also granted Bremer attorney fees, an appearance fee, and a service fee pursuant to the fee provisions of RCW 6.32.010. But those

fees were not imposed as sanctions for contempt, and the orders did not find Walker guilty of contempt of court.[3]

We hold that the commissioner's January 23 order did not violate the law of contempt.

B.    ATTORNEY FEE AWARDS

Walker challenges the amount of attorney fees awarded by the trial court commissioner on January 2, 2014 ($315), January 23, 2014 ($3,360), and April 11, 2014 ($420), and by the trial court on April 11, 2014 ($1403).[4] We affirm the commissioner's award of attorney fees on January 2 and a portion of the trial court's award of attorney fees on April 11. We hold that the commissioner abused its discretion on January 23 and April 11 and the trial court abused its discretion on April 11 by awarding attorney fees without providing findings of fact and conclusions of law that supported the amount of attorney fees awarded.[5]

Trial courts must actively assess the reasonableness of all attorney fee awards and may not simply accept the amounts stated in fee affidavits. *Berryman v. Metcalf*, 177 Wn. App. 644, 657, 312 P.3d 745 (2013), *review denied sub nom., Berryman v. Farmers Ins. Co.*, 179 Wn.2d 1026 (2014). The trial court generally considers the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 660. We review the reasonableness of

---

[3] Walker also argues that the January 23 order improperly imposed remedial sanctions for contempt without including a purge clause. However, because the order did not find Walker guilty of contempt, no purge clause was necessary.

[4] The trial court also awarded attorney fees of $500 in its January 24, 2014 order denying Walker's motion for revision. However, Walker does not challenge this award.

[5] Walker does not challenge the authority of the commissioner and the trial court to award attorney fees, so we do not address that issue.

13

the attorney fees award for an abuse of discretion. *Cook*, 180 Wn. App. at 375. A trial court abuses its discretion regarding the amount of attorney fees when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Id.*

Trial courts must exercise their discretion on articulable grounds, making a record sufficient to permit meaningful review. *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998); *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 415, 157 P.3d 431 (2007). This generally means that the trial court "must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question." *SentinalC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014); *see also Mahler*, 135 Wn.2d at 435. If the trial court does not make findings of fact and conclusions of law supporting the attorney fees award, the preferred remedy is to remand to the trial court for entry of proper findings and conclusions. *Berryman*, 177 Wn. App. at 659. However, we do not read the cases as requiring written findings as long as the trial court has made an adequate record to support the amount of the attorney fee award. *See Mahler*, 135 Wn.2d at 435.

1.    Oral Findings

On January 2, the commissioner did not enter formal findings of fact or conclusions of law supporting its award of $315 in reasonable attorney fees. However, the commissioner did establish that Bremer's attorney's hourly rate was $210 and that his office was in Puyallup. The award of $315 reflects an hour and a half of the attorney's time. Although the commissioner did not make written findings and conclusions regarding attorney fees, the record shows that the commissioner made an effort to calculate the award based on that amount of time spent.

14

We believe that the record is sufficient to show that the commissioner found that the attorney's hourly rate was reasonable and that an hour and a half was a reasonable time to spend on the hearing. Accordingly, we hold that the commissioner did not abuse its discretion in awarding this amount.

2. Written Findings

On April 11, 2014, the trial court issued an order awarding Bremer $1403 in attorney fees relating to his unsuccessful February 27 motion. The trial court entered findings of fact and conclusions of law supporting the award of $903 in attorney fees. We hold that the trial court did not abuse its discretion in awarding this amount.

However, the trial court also awarded Bremer an additional $500 in attorney fees based on his attorney's prehearing estimate of the time that would be spent preparing for the hearing. In general, courts should not accept a party's estimate of fees that it might incur in the future because such estimates are inherently uncertain. *N. Coast Elec. Co. v. Selig*, 136 Wn. App. 636, 646, 151 P.3d 211 (2007). The trial court's findings and conclusions here do not address the amount of fees the attorney actually incurred and do not indicate that the trial court assessed whether the estimated amount was reasonable. Therefore, we hold that the trial court abused its discretion in awarding the additional $500 in attorney fees without entering findings and conclusions supporting an award in that amount. We reverse this portion of the award and remand for entry of proper findings of fact and conclusions of law supporting the amount of that portion of the award.

### 3. No Findings or Conclusions

The commissioner supplied no written findings of fact and conclusions of law supporting the reasonableness of its attorney fee awards entered on January 23, 2014 and April 11, 2014. Because no record of these proceedings has been provided on appeal, we are unable to determine whether or why the commissioner found that the amount of attorney fees awarded was reasonable. Therefore, we vacate the amount of those attorney fee awards and remand for entry of proper findings of fact and conclusions of law supporting the amount of the awards.

## C.   ATTORNEY FEES ON APPEAL

### 1.   Walker's Request

Walker requests reasonable attorney fees on appeal based on the attorney fees provisions of the Real Estate Contract Forfeiture Act, ch. 61.30 RCW; RCW 7.21.030; and the provisions of the underlying contract between the parties. We may award attorney fees on appeal if applicable law provides such a right. RAP 18.1(a). But we hold that Walker is not entitled to recover his reasonable attorney fees on appeal.

Walker argues that the forfeiture statute supports an award of attorney fees. He cites RCW 61.30.140(5), which provides that

> If the purchaser or other person commencing the action [to set aside a forfeiture] establishes a right to set aside the forfeiture, the court shall award the purchaser or other person commencing the action actual damages, if any, and may award the purchaser or other person its reasonable attorneys' fees and costs of the action.

By its own terms, this statute is inapplicable here because the supplementary proceedings were ancillary to Bremer's successful unlawful detainer action, not a successful action to set aside the resulting forfeiture. Therefore, we reject this basis for an attorney fees award.

Walker also argues that the *Coffin* rule[6] and RCW 7.21.030(3) should be reciprocally applied to allow him to collect attorney fees. Both the rule and the statute allow a court to award a party attorney fees and other costs incurred as a result of another person's contempt and the resulting proceedings. *Bering v. SHARE*, 106 Wn.2d 212, 246, 721 P.2d 918 (1986); RCW 7.21.030(3). These provisions allow a court to award fees only to a party defending a contempt order on appeal, not to a party challenging a contempt order. *See In re Marriage of Curtis*, 106 Wn. App. 191, 202, 23 P.3d 13 (2001). But according to Walker, "[p]ublic policy and equity demand reciprocity." Br. of Appellant at 33. Here, we need not decide whether reciprocal application is warranted because the commissioner did not enter any contempt order. Therefore, we hold that Walker is not entitled to recover attorney fees on this basis.

Finally, in his reply brief Walker requests attorney fees based on the underlying contract. However, RAP 18.1(b) requires that such arguments be made in the opening brief. *Gardner v. First Heritage Bank*, 175 Wn. App. 650, 677, 303 P.3d 1065 (2013). Because Walker makes this request only in his reply brief, and without argument or citation, we do not consider this basis for Walker's fee request.

---

[6] This rule was based on former RCW 7.20.100. *State ex rel. Lemon v. Coffin*, 52 Wn.2d 894, 896, 332 P.2d 1096 (1958). That statute has since been repealed and effectively replaced by RCW 7.21.030(3). Walker argues that it should now be treated as an equitable rule.

45480-7-II

2.    Bremer's Request

Bremer also requests reasonable attorney fees on appeal.  He bases his request on the attorney fees provisions of the contract.  A contract awarding a party attorney fees at trial also can support such an award on appeal. *Atlas Supply, Inc. v. Realm, Inc.*, 170 Wn. App. 234, 241, 287 P.3d 606 (2012).  However, because both parties prevailed on major issues, Bremer is not the substantially prevailing party. *Hertz v. Riebe*, 86 Wn. App. 102, 105-06, 936 P.2d 24 (1997).  Therefore, we do not award Bremer attorney fees on appeal.

We affirm in part and reverse in part, and remand for entry of findings of fact and conclusions of law relating to the amounts of the commissioner's attorney fee awards dated January 23, 2014 and April 11, 2014, and the additional $500 awarded by the trial court on April 11, 2014.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
MELNICK, J.

18