# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 49220-2-II |
| SHILO MARIE LEYERZAPF, n/k/a SHILO MARIE STRICKLAND, | |
| Appellant, | |
| and | UNPUBLISHED OPINION |
| BJORN HALLVARD LEYERZAPF, | |
| Respondent. | |

MAXA, A.C.J. – Shilo Strickland – formerly known as Shilo Leyerzapf – appeals the trial court's order finding her in contempt and entering judgment against her for attorney fees in the action involving the dissolution of her marriage to Bjorn Leyerzapf.

Strickland claimed the parties' younger child as a dependent on her 2012 and 2014 federal tax returns even though the applicable child support order allocated the tax exemption to Leyerzapf in even years. The trial court ordered Strickland to amend her 2012 and 2014 tax returns to allow Leyerzapf to claim the exemption in those years, but she did not comply. After a show cause hearing, the trial court found Strickland in contempt and entered judgment against her for loss Leyerzapf suffered because of his inability to claim the exemption and for $17,501.02 in attorney fees.

We hold that (1) we will not consider Strickland's argument that the trial court's contempt order must be vacated because she was not personally served with notice of the show cause hearing because she did not object in the trial court, (2) the trial court had authority to allocate tax exemptions even after the younger child turned 18, and (3) the trial court did not abuse its discretion in finding that Strickland had the ability to comply with the court order. However, we hold that the trial court erred in awarding attorney fees for services occurring before the beginning of the contempt proceeding and in failing to specifically address claimed fees for clerical work.

Accordingly, we affirm the trial court's contempt order but vacate the award of attorney fees against Strickland and remand for reassessment of the attorney fee award consistent with this opinion. We also award Leyerzapf his reasonable attorney fees on appeal under RCW 26.18.160 except for fees relating to the attorney fee issues.

FACTS

During Strickland's and Leyerzapf's marriage, they had two children: KL, born in November 1990, and CL, born in July 1996. The marriage was dissolved in 2001.

Pursuant to the decree of dissolution, the trial court entered a child support order. The order allocated to Strickland the income tax exemptions for both children for every tax year. In 2009, the court modified the child support order and allocated tax exemptions for KL to Strickland and for CL to Leyerzapf until only the exemption for CL remained, at which time the exemption would alternate from Strickland in odd tax years to Leyerzapf in even tax years.

For the 2012 tax return, Leyerzapf claimed the tax exemption for CL as allowed. However, Strickland also claimed the exemption. As a result, Leyerzapf was audited and ended up having to pay $2,022.97 to the Internal Revenue Service (IRS).

In September 2014, Leyerzapf filed a motion to have Strickland held in contempt for failing to comply with the child support order, and requested that the trial court require Strickland to sign a dependency exemption waiver for the 2012 and 2014 tax years. Strickland responded that she claimed the exemption for CL because Leyerzapf had refused to pay his share of CL's medical expenses.

In January 2015, a court commissioner found that although Strickland had intentionally violated the 2009 court order, she was not in contempt because CL needed the financial benefit of the tax exemption. The commissioner then requested that the parties mediate the tax exemption issue. The commissioner also stated that "the tax exemption portion of the order no longer applies as the child is now 18." CP at 93. The parties participated in a mediation on April 20, but they were unable to reach a resolution.

In August, Leyerzapf filed a motion for judgment against Strickland based on her claim of a tax exemption for CL on her 2012 tax return.[1] Leyerzapf asserted that Strickland had done nothing to resolve the 2012 exemption problem and again had claimed an exemption for CL on her 2014 tax return.

In October, a court commissioner granted Leyerzapf's motion for judgment regarding the tax exemptions. The court stated:

---

[1] Leyerzapf also requested that child support for CL be terminated, and subsequent proceedings and orders also addressed that issue. But this appeal does not involve the child support issue.

3

> Ms. Strickland shall amend her 2012 & 2014 tax returns so the father may claim [CL] as a tax exemption for those years. The court finds that the father is entitled to those exemptions and the mother took them improperly. The mother shall promptly sign all forms necessary to amend the returns and provide them to father's attorney.

CP at 192. In November 2015, the trial court denied Strickland's motion to revise that order, ruling that "those provisions stand." CP at 208. The court also denied both parties' requests for an award of attorney fees.

On January 19, 2016, Leyerzapf filed a motion to enforce the November 2015 order. He asserted that he had not received any information from Strickland regarding the tax returns. Leyerzapf requested that the court order Strickland to amend her tax returns, sign the appropriate forms, and enter judgment against Strickland for sanctions and attorney fees. In response, Strickland claimed that she did not have the money to amend her 2012 tax return and that her current husband (with whom she was in dissolution proceedings) had refused to consent to amend their joint 2014 tax return.

At the hearing on Leyerzapf's motion on February 5, the court sua sponte entered an order that included a show cause order for contempt based on Strickland's failure to amend her tax returns. The order stated, "The court is making it very clear to the mother that she needs to comply with the order regarding tax returns." CP at 239. The order required Strickland to appear on March 4 and show cause why she should not be held in contempt for violating the trial court's November 2015 order and the underlying October 2015 order.

Strickland was not present at the February 5 hearing, and there is no record of whether or not she received personal service of the order to show cause. However, Strickland's attorney was present and acknowledged the order with her signature.

Strickland appeared at the show cause hearing. She did not object based on a failure to receive personal service of the show cause order or otherwise challenge the court's authority to proceed with the hearing. She also did not allege improper service of the order in a declaration that she filed.

Strickland argued that she had attempted to comply with the trial court's order, but did not have the financial resources to amend her tax returns and could not get her current husband's consent to amend their 2014 joint return. However, at the hearing in open court she signed the forms allowing the exemptions to be properly allocated.

The trial court entered an order finding Strickland in contempt, supported by findings. The court order stated that Leyerzapf was entitled to a judgment against Strickland for accountant fees, interest on the funds he had to pay to the IRS because he could not claim the tax exemptions, and costs and attorney fees. The court reserved judgment on the issue of attorney fees pending receipt of an itemized accounting.

Leyerzapf subsequently filed a motion for entry of a judgment against Strickland. He provided information regarding the losses that he had incurred because Strickland took the 2012 and 2014 tax exemptions for CL. Leyerzapf's attorney also filed a declaration attaching itemized billings from her office for work performed between January 1, 2015 and April 30, 2016. The declaration addressed the attorney's credentials, experience and her billing rate of $325 per hour. However, many of the entries on the billings were for unidentified persons who performed primarily clerical and administrative work at billing rates of between $100 and $160 per hour. Leyerzapf requested a total of $16,870.50 in attorney fees and $1,123.95 in costs for amounts incurred beginning in January 2015.

The trial court entered a judgment in favor of Leyerzapf and against Strickland in the amount of $809.19 for interest on the amount Leyerzapf paid to the IRS in 2012, $2,022.97 for the 2012 tax refund Leyerzapf would have received, $161.12 for interest for the refund Leyerzapf did not receive in 2014, and $17,501.02 in reasonable attorney fees and costs. Regarding attorney fees, the court stated that the "contempt statute" authorized attorney fees and costs, and found that the amounts were reasonable "in light of the number of times Mr. Leyerzapf had to come to court for relief." CP at 400. The court also found that the attorney's hourly rate was reasonable given her experience and the hourly rates in the community. However, the court did not address the clerical and administrative work performed by the unidentified persons in the attorney's office.

Strickland appeals the trial court's order finding her in contempt and the amount of attorney fees the court awarded.

## ANALYSIS

A.    INADEQUATE SERVICE OF SHOW CAUSE ORDER

Strickland argues that under RCW 26.18.050(2), she was required to receive personal service of the show cause order that resulted in the finding of contempt. She claims that the trial court's contempt order must be vacated because she did not receive such personal service. We decline to consider this argument.

RCW 26.18.050(1) authorizes a trial court to issue a show cause order to address a motion for contempt for a party's failure to comply with a child support order. Under RCW 26.18.050(2), "[s]ervice of the order to show cause shall be by personal service, or in the manner

provided in the civil rules of superior court or applicable statute." Nothing in the record shows that Strickland received personal service of the show cause order.

However, Strickland did not object to the trial court's show cause hearing on the basis that she did not receive personal service of the show cause order. Instead, she appeared at and participated in the show cause hearing without arguing that her alleged failure to receive personal service precluded the trial court from proceeding with the hearing. After the trial court entered the contempt order, Strickland never argued that the order was invalid because she had not received personal service of the show cause order.

Strickland raises the issue of inadequate service of the show cause order for the first time on appeal. We generally decline to consider arguments raised for the first time on appeal. RAP 2.5(a); *Kave v. McIntosh Ridge Primary Rd. Ass'n*, 198 Wn. App. 812, 824, 394 P.3d 446 (2017).

RAP 2.5(a)(1) states that a party may raise lack of trial court jurisdiction for the first time on appeal. Strickland suggests that the trial court had no jurisdiction because she did not receive personal service of the show cause order. However, the trial court here obtained jurisdiction over this dissolution proceeding when it was first filed; there is no allegation that service of the dissolution petition was inadequate. Under RCW 26.18.040(3), "[t]he court retains continuing jurisdiction under this chapter until all duties of either support or maintenance, or both, of the obligor, including arrearages, have been satisfied." Similarly, RCW 26.18.050(5) confirms that the court retains continuing jurisdiction to use a contempt action to enforce a support order.

These statutory provisions demonstrate that the personal service requirement in RCW 26.18.050(2) may affect the trial court's *authority* to hold a show cause hearing, but does not

7

affect the court's *jurisdiction*. *Cf. Estate of Bremer v. Walker*, 187 Wn. App. 450, 456-57, 348 P.3d 1245 (2015) (distinguishing between the trial court's jurisdiction and the trial court's authority to compel supplemental proceedings). Therefore, RAP 2.5(a)(1) is inapplicable here.

We decline to consider Strickland's argument that the trial court's contempt order must be vacated because she did not receive personal service of the show cause order.

B.      AUTHORITY TO ALLOCATE EXEMPTION

Strickland argues that the trial court did not have the authority to allocate the 2014 tax exemption to Leyerzapf because CL turned 18 in July 2014. We disagree.

RCW 26.19.100 addresses federal income tax exemptions for dependent children. The statute states, "The court may award the exemption . . . and order a party to sign the federal income tax dependency exemption waiver. The court may divide the exemptions between the parties, alternate the exemptions . . . or both." RCW 26.19.100. Nothing in the statute limits the court's authority based on the child's status as a minor. And Strickland provides no authority for the proposition that a trial court's authority under RCW 26.19.100 ends when the child turns 18.

Further, the trial court's allocation of the tax exemptions here was made in the context of the child support order. That order provided that child support would be paid as long as CL was enrolled in high school. Although CL turned 18 in July 2014, there is no dispute that he remained in high school until at least the summer of 2015. Strickland does not explain why the trial court would have no authority to allocate tax exemptions after CL turned 18 when child support payments continued after he turned 18.

Strickland argues that the court commissioner's ruling in January 2015 that the tax exemption portion of the order no longer applied was the law of the case and extinguished the

trial court's authority over the 2014 tax exemption. However, the law of the case doctrine applies only once there has been an *appellate* decision. *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). Further, until entry of final judgment, all trial court rulings are subject to revision at any time. CR 54(b).

We hold that the trial court had authority to allocate the 2014 tax exemption for CL to Leyerzapf.

C. INABILITY TO COMPLY WITH ORDER

Strickland argues that the trial court erred in finding her in contempt because she did not have the ability to comply with the court's order. We disagree.

We review a contempt order for an abuse of discretion. *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). A court abuses its discretion when its decision is unreasonable or it bases its decision on untenable grounds. *Id.* A trial court's factual findings regarding contempt will be upheld on appeal if they are supported by substantial evidence. *See In re Marriage of Rideout*, 150 Wn.2d 337, 350-51, 77 P.3d 1174 (2003).

RCW 26.18.050(1) authorizes the trial court to hold a party in contempt as provided in chapter 7.21 RCW for failing to obey a child support order. RCW 26.18.050(4) recognizes that a party may raise as a defense in a show cause hearing that he or she "lacked the means to comply" with the child support order. That subsection also states that the party "shall establish that he or she exercised due diligence in seeking employment, in conserving assets, or otherwise in rendering himself or herself able to comply with the court's order." RCW 26.18.050(4).

Strickland argued in the trial court that she did not have the financial means to comply with the order requiring her to amend her 2012 tax return, and that she could not obtain the

9

consent of her current husband to amend their 2014 joint tax return. However, the trial court made a specific finding that Strickland "had the ability to sign the correct forms so the exemption could be properly allocated." CP at 292. This finding reflects the fact that the court considered the evidence and Strickland's testimony, and it rejected her argument. We do not weigh conflicting evidence or substitute our judgment for that of the trial court. *In re Marriage of Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011).

In addition, Strickland demonstrated that she had the ability to sign the correct forms by signing those forms in open court at the show cause hearing. Strickland does not explain why she was unable to comply with that aspect of the court order before the hearing.

Accordingly, we hold that the trial court did not abuse its discretion in entering the contempt order.

D.      AWARD OF ATTORNEY FEES

Strickland argues that the amount of attorney fees the trial court awarded was excessive. Specifically, she claims that the attorney fee award improperly included (1) work performed before the contempt proceedings and (2) clerical work.[2] We agree.

1.      Standard of Review

We review a trial court's award of attorney fees for an abuse of discretion. *White v. Clark County*, 188 Wn. App. 622, 638, 354 P.3d 38 (2015), *review denied*, 185 Wn.2d 1009

---

[2] Strickland also claims that the amount of time spent on one specific task was unreasonable. But other than a conclusory statement, she provides no evidence that the trial court abused its discretion in including that time in its attorney fee award.

(2016). A trial court abuses its discretion if "its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons." *Id.* at 639.

In addition, the trial court must articulate the grounds for any attorney fee award and establish a record sufficient to permit meaningful review. *Id.* Generally, the trial court "must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question." *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014).

2. Scope of Award

Regarding the scope of the attorney fee award, the trial court awarded Leyerzapf the fees incurred for work performed between January 1, 2015 and April 30, 2016. Strickland argues that the trial court could not award attorney fees incurred before it issued the order to show cause in February 2016.

a. Award of Fees under RCW 7.21.030(3)

The trial court awarded attorney fees under the "contempt statute." The court apparently was referring to RCW 7.21.030, which addresses contempt proceedings and available sanctions. RCW 7.21.030(3) states that the court may "order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred *in connection with the contempt proceeding*, including reasonable attorney's fees." (Emphasis added.)

RCW 7.21.030(3) allows the award of only those attorney fees incurred "in connection with the contempt proceeding." This language "limits recovery to fees and costs connected with

11

an instant proceeding – not other unresolved contempt proceedings." *In re Marriage of Edwards*, 83 Wn. App. 715, 725, 924 P.2d 44, 932 P.2d 171 (1996).

Here, Leyerzapf filed a motion for contempt in September 2014. But that contempt proceeding was never completely resolved. The court commissioner declined to find that Strickland was in contempt, and ordered the parties to mediate. Therefore, under *Edwards* any fees incurred before the mediation in June 2015 were not recoverable in the 2016 contempt proceeding.

The proceedings that culminated in the trial court's contempt judgment began with Leyerzapf's motion in August 2015 for a judgment against Strickland regarding the tax exemptions. That motion resulted in the court commissioner's order requiring Strickland to amend her tax returns and sign the necessary forms, and the trial court's order affirming that decision. Strickland ultimately was found in contempt for violating those orders. But the August 2015 motion did not request a contempt order; only after Strickland refused to amend her tax returns did the issue of contempt arise. And the trial court declined to award attorney fees after granting the motion.

On January 19, 2016, Leyerzapf filed a motion to compel Strickland's compliance with the previous orders. Although that motion did not expressly mention contempt, it resulted in the trial court's show cause order on contempt. We hold that the "contempt proceeding" began with that January 19 motion.

Under RCW 7.21.030(3), the trial court could award only those attorney fees incurred in connection with the contempt proceeding: work to prepare and file the January 19 motion and

work relating to subsequent proceedings. We hold that the trial court erred in awarding attorney

fees that were incurred before that time.

> b.    Award of Fees under RCW 26.18.160

On appeal, Leyerzapf argues that he was entitled to recover attorney fees in the trial court

under RCW 26.18.160, which states:

> In any action to enforce a support or maintenance order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees. An obligor may not be considered a prevailing party under this section unless the obligee has acted in bad faith in connection with the proceeding in question.

Unlike RCW 7.21.030(3), nothing in RCW 26.18.160 limits an award of attorney fees to those

incurred in connection with a contempt proceeding.

However, there is no indication that Leyerzapf requested attorney fees under RCW

26.18.160 in the trial court or that the trial court awarded fees under that statute. As noted above,

we generally do not consider arguments raised for the first time on appeal. *Kave*, 198 Wn. App.

at 824. Therefore, we decline to consider Leyerzapf's claim that he was entitled to attorney fees

in the trial court under RCW 26.18.160.

> 3.    Clerical Work

Regarding the nature of the services included in the attorney fees award, the trial court

awarded almost all of Leyerzapf's requested fees. This award included fees for clerical services

such as indexing, printing, scanning and copying. Although the persons that performed this

work were not identified, it appears that they are legal assistants rather than lawyers.

The services of a qualified legal assistant may be included in an attorney fee award. *N.*

*Coast Elec. Co. v. Selig*, 136 Wn. App. 636, 643-45, 151 P.3d 211 (2007). However, the trial

court must consider certain factors before including the services of a legal assistant in an attorney

fee award:

> (1) the services performed by the nonlawyer personnel must be legal in nature; (2) the performance of these services must be supervised by an attorney; (3) the qualifications of the person performing the services must be specified in the request for fees in sufficient detail to demonstrate that the person is qualified by virtue of education, training, or work experience to perform substantive legal work; (4) the nature of the services performed must be specified in the request for fees in order to allow the reviewing court to determine that the services performed were legal rather than clerical; (5) as with attorney time, the amount of time expended must be set forth and must be reasonable; and (6) the amount charged must reflect reasonable community standards for charges by that category of personnel.

*Id.* (quoting *Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 845, 917 P.2d

1086 (1995).

Further, "compensation for administrative tasks such as preparing pleadings for

duplication, delivering copies, and requesting copies, are not within the realm of reasonable

attorney fees." *Emerick v. Cardiac Study Ctr., Inc.*, 189 Wn. App. 711, 734, 357 P.3d 696

(2015), *review denied*, 185 Wn.2d 1004 (2016).

Here, the trial court did not address at all the services performed by legal assistants and

did not consider the *Absher* factors. As stated above, the trial court is required to articulate the

grounds for an award and establish a record sufficient to permit meaningful review. *White*, 188

Wn. App. at 639. The trial court failed to do that here.

Accordingly, we hold that the record does not support the trial court's inclusion of the

services of legal assistants in its attorney fee award.

4.   Remand

When a fee award is not supported by an adequate record, the appropriate remedy is to

remand to allow the trial court to explain the basis for the award. *See Berryman v. Metcalf*, 177

Wn. App. 644, 659, 312 P.3d 745 (2013). We reverse the trial court's attorney fee award and remand for the trial court to reassess the attorney fee award consistent with this opinion.

E.    ATTORNEY FEES ON APPEAL

Strickland and Leyerzapf both request attorney fees on appeal. Under RAP 18.1 a party may recover attorney fees on appeal if allowed under the applicable law.

Leyerzapf argues that he is entitled to an attorney fee award under RCW 26.18.160, which as stated above provides that the prevailing party in an action to enforce a support order is entitled to recover reasonable attorney fees. Here, Leyerzapf prevailed on the multiple arguments Strickland raised on the primary issue on appeal – entry of the contempt order. Therefore, we hold that he is entitled to recover his reasonable attorney fees under RCW 26.18.160. But Strickland did prevail in part on the amount of attorney fees awarded, so Leyerzapf will not be able to recover fees for work relating to the attorney fee issues.

Strickland identifies RAP 14.2 as authority for the award of attorney fees, but that rule only allows parties to recover appellate costs, not attorney fees. Strickland does not identify any applicable law granting her the right to attorney fees on appeal. Therefore, we hold that she is not entitled to recover reasonable attorney fees.

CONCLUSION

We affirm the trial court's order for contempt but vacate the award of attorney fees against Strickland and remand for the trial court to reassess the attorney fee award consistent with this opinion. We award Leyerzapf his reasonable attorney fees on appeal except for fees relating to the attorney fee issues.

No. 49220-2-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with

RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

JOHANSON, J.

MELNICK, J.