CORTESI ET AL. *v.* FIREMEN'S FUND INSURANCE CO.

*Fire insurance — Limitation of actions — Contract stipulation of one year after fire — Dismissal of action otherwise than on merits — New action not barred, when — Section 11233, General Code.*

A clause which shortens the statute of limitations, as to the time for bringing suit on the contract in which said contract is incorporated, can not be enforced in the face of the provision of Section 11233, having reference to the time within which suit may be brought in cases which have failed otherwise than on the merits.

(Decided December 28, 1915.)

ERROR: Court of Appeals for Mahoning county.

*Mr. D. J. Hartwell* and *Mr. E. H. Moore,* for plaintiffs in error.

*Mr. J. W. Mooney,* for defendant in error.

HOUCK, J. (of the Fifth Appellate District, sitting in place of SPENCE, J.). This is an action in this court on error to the judgment of the common pleas court of Mahoning county, Ohio.

The original action arose out of a policy of insurance issued by the Firemen's Fund Insurance Company on the property of the plaintiffs in error, Joseph Cortesi and others, the policy covering a building located in the city of Youngstown, Ohio, and in an amount not to exceed $1,200.

The petition contained two causes of action: the first seeking a reformation of the contract of insurance, and the second praying for a judgment on the reformed contract for the sum of $1,200.

The cause was heard, and the contract of insurance was reformed as prayed for in the petition. Thereafter the cause came on for trial on the second cause of action, and the same was dismissed by the court for want of prosecution.

Thereafter, and within one year after the dismissal of the second cause of action as aforesaid, but not within twelve months next after the fire, the plaintiffs in error filed their petition in the common pleas court, alleging therein that by a decree of said court the contract of insurance had been reformed; alleging the loss by fire of the building, the failure otherwise than upon its merits of the second cause of action in the former suit, and a full compliance with all the terms and conditions of said policy; and prayed for judgment against the defendant for the sum of $1,200.

The defendant filed an answer to said petition, alleging among other things that said policy of insurance contained the following provision:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance, by the insured, with all the foregoing requirements, nor unless commenced within twelve months after the fire."

The cause was submitted to a jury, and after the plaintiffs had submitted their evidence the defendant moved the court to direct the jury to return a verdict in its favor, upon the ground that the evidence disclosed the fact that the suit at bar had not been brought within twelve months after the fire; and thereupon the court sustained the motion, and the jury returned its verdict for the defendant. A motion for a new trial was filed, heard and overruled, and judgment was entered on the verdict.

Error is prosecuted to this court seeking a reversal of the judgment of the court below sustaining the motion for a directed verdict and overruling plaintiff's motion for a new trial.

The question presented for determination is, Does the stipulation in the policy of insurance that "suit must be commenced within twelve months after the fire" abrogate and set aside the provisions of Section 11233, General Code, which provides:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date, * * *."

The stipulation in the policy that no suit could be maintained to recover on the policy, unless brought within twelve months after the fire, was intended to shorten the statute of limitations with reference to the time of bringing the action; but how can it be properly claimed, or the contention of defendant in error sustained by any reasonable principle of law or justice, in the face of the provisions of Section 11233, General Code? Such a contract between the parties could not in any way abrogate, set aside and hold for naught the provision of said section, stating as to when actions may be commenced unless they have been determined upon their merits.

The action at bar was not determined upon its merits in the former suit, and after the dismissal of the former suit a new action was brought—the one at bar—within the year, and we think properly so. The plaintiffs never had their "day in court" until the filing of the action and its trial in the present case.

The stipulation in the contract that "No suit or action on this policy * * * shall be sustainable * * * unless commenced within twelve months after the fire" in no way waived or abrogated the rights of plaintiffs under Section 11233, General Code. When the parties herein entered into the stipulation or agreement contained in the policy they must have, or at least should have, considered it in the light of the provisions of said statute. It is presumed they knew the law and that it was their intention to make their contract in conformity thereto, and if they did not do so the defendant in error can not now complain that it was

in violation of and not in conformity with the provisions of the general statute governing the same. A contract for a shorter limitation does not control in face of the general statute, which must govern in such cases.

We have made a careful examination of the authorities cited by counsel in this case and have examined many other authorities and decisions of courts, not only in our own but other states, bearing on the proposition before us, and we feel that the rule herein laid down is applicable to the case at bar. The case of *The Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Bemis,* 64 Ohio St., 26, while not directly in point was a material aid to us in arriving at our conclusion.

A majority of the court is of the opinion that the judgment of the common pleas court should be reversed, and the cause remanded to the common pleas court for a new trial.

*Judgment reversed, and cause remanded.*

METCALFE, J., concurs.

POLLOCK, J., dissenting. I am unable to agree with the majority of the court in the judgment pronounced in this action.

The policy of insurance upon which it is sought to recover contained a provision that "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire."

It is admitted that this action was not commenced within the time provided by the contract, but it is claimed that by reason of a former action, having been commenced for the same loss within the time and dismissed for want of prosecution without prejudice, the plaintiff had a right to maintain this action under the provision of Section 11233, which provides that when an action is commenced or attempted to be commenced, if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal has expired, the plaintiff may commence a new action within one year after such date.

It has been held by the supreme court of this state, in the case of *Appel, Admr.,* v. *Cooper Ins. Co.,* 76 Ohio St., 52, that such a provision as is contained in this policy creates a valid contractual relation and limits the time within which a suit may be brought thereon. Section 11233 is a statute of limitation and provides for extending the time in which an action may be commenced when the time limited for the commencement of such action at the date of the failure has expired.

The supreme court, in the case just referred to, has held that parties can contract for limitation of an action and that it would supersede and prevail over the general statute of limitations, and I am unable to see why it would not supersede or prevail over any exception or special statute in reference to the limitation of the action, if the language of the contract would bear such a construction. We then turn to the language of this contract, stipulating that no suit or action on the

policy, for the recovery of any claim, can be maintained in any court of law or equity unless begun within the time prescribed. It does not except any suit. The provision of the contract is so plain that it does not require construction. It simply bars all actions, whether they be second or first actions, and it appears to me that to say that it would not prevent the maintaining of an action under Section 11233 is limiting the plain wording of the contract.

It seems that the supreme court of this state has never passed upon this exact question, but it has been before the courts of other states a great many times and also before the supreme court of the United States.

"The action mentioned in the condition which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case; although such previous action was commenced within the period prescribed." *Riddlesbarger* v. *Hartford Insurance Co.*, 7 Wall., 386, second proposition of syllabus.

It is true that the supreme court was then discussing a provision of the Missouri statutes somewhat different from ours, but after that discussion, on page 391, they refer, in the second place, to its general effect, saying: "The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

The supreme court of Iowa, in the case of *Harrison* v. *Hartford Fire Ins. Co.*, 102 Ia., 112, were considering a policy of insurance containing the

same provision as that now before the court, and a statute fully as broad as ours, and they held that a second suit begun within a period of the excepting statute but beyond the limitation fixed by the policy could not be maintained, citing quite a number of authorities in support thereof.

That court again affirmed this principle in the case of *Wilhelmi* v. *Des Moines Ins. Co.,* 103 Ia., 532. See also the following cases: *Howard Ins. Co.* v. *Hocking,* 115 Pa. St., 415, 18 Atl. Rep., 614; *McElroy* v. *Continental Ins. Co.,* 48 Kans., 200; *Lewis* v. *Metropolitan Life Ins. Co.,* 180 Mass., 317; *Wilson* v. *Aetna Ins. Co.,* 27 Vt., 99; *Chichester* v. *New Hampshire Fire Ins. Co.,* 74 Conn., 510, 51 Atl. Rep., 545.

My attention has been called to the case of *Hamilton* v. *Royal Ins. Co.,* 156 N. Y., 327, as an authority against this proposition. In that case the action was begun and summons issued three days prior to the expiration provided in the policy, but summons was not served until after that time had expired. The question of the right to maintain the action was raised, and the court in that case discusses their statutes at quite a length. It is difficult without having the statutes before me to determine just what their statutes provide, but it seems that a provision of their code provided that the attempt to commence an action in a court of record was equivalent to commencing it, and that was the question the court was determining. It was held that the filing of a petition and causing a summons to issue was a commencing of the action under their code within the time provided in the policy, although the summons was not served

on defendant until after the limitation named in the policy had expired.

I am unable to see how that case in any way affects the question we now have before us for determination, and especially as that court, prior to that time, in the case of *Arthur* v. *Homestead Fire Ins. Co.,* 78 N. Y., 462, had passed upon the question now before us, holding that the action was not maintainable. This last-named case, so far as I can discover, has never been overruled by that court.

For these reasons I am unable to concur in the opinion of the majority.