FILED
COURT OF APPEALS
DIVISION II

2014 MAR 25 AM 8: 50

STATE OF WASHINGTON

BY_____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| JOHN E. COOK, a married man, | | No. 43683-3-II |
| Respondent, | | |
| v. | | |
| A. DIANE BRATENG, a married woman concerning her interest in Realty subject to Partition Action, and A. DIANE BRATENG, as Successor sole Trustee of the Elmer J. Cook Living Trust, | | PUBLISHED OPINION |
| Appellant. | | |

WORSWICK, C.J. — A. Diane Brateng appeals an attorney fees award entered after we remanded this case to the trial court. In *Cook v. Brateng*, 158 Wn. App. 777, 262 P.3d 1228 (2010),[1] we vacated the trial court's award of attorney fees to John E. Cook and remanded to the trial court for a determination of Brateng's reasonable attorney fees at trial and on appeal. The trial court then awarded to Brateng attorney fees in the amount of $53,910.29 against the subject estate under RCW 11.96A.150, concluding that RCW 11.96A.310(10) did not apply. Because the trial court erred by concluding that RCW 11.96A.310(10) did not apply to its attorney fees determination, we remand to the trial court for a redetermination of Brateng's reasonable attorney fees under that statutory provision.

---

[1] Several of the facts below are taken from our opinion in *Cook v. Brateng*, 158 Wn. App. 777, 262 P.3d 1228 (2010), as well as from the trial court's unchallenged supplemental findings of fact. *See In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004) (unchallenged findings are verities on appeal).

No. 43683-3-II

FACTS

Cook and Brateng are siblings. In 1995, their father, Elmer Cook, executed a living trust that named himself and Brateng as trustees. After Elmer[2] was declared incompetent in 1997, Brateng became the sole trustee of Elmer's estate. Elmer passed away on January 1, 2000. In October 2001, Cook sued Brateng, and the two entered into mediation and arbitration under the Trust and Estate Dispute Resolution Act, chapter 11.96A RCW. Cook appealed the arbitrator's decision and requested a trial de novo before the superior court under RCW 11.96A.310(9)(a).

Following the de novo bench trial, the trial court concluded that Brateng could not compensate herself from Elmer's trust for her caregiving expenses because she had breached her fiduciary duty to inform Cook of her decisions to (1) "claim and defer charges against Elmer's estate for providing Elmer's care" and (2) "not to encumber Elmer's . . . house to pay for Elmer's care." *Cook*, 158 Wn. App. at 784. The trial court awarded Cook all his requested attorney fees and awarded Brateng half of her requested attorney fees.

Brateng appealed, and we reversed the trial court's conclusion that Brateng had breached her fiduciary duties, holding that Brateng had no duty to inform Cook of her decisions to claim and defer her caregiving charges against the estate and not to encumber Elmer's house to pay for his care. We also vacated the trial court's award of attorney fees to Cook and remanded to the trial court "to set reasonable attorney fees to award to [Brateng] for both the trial and the appeal." *Cook*, 158 Wn. App. at 797. Brateng moved for partial reconsideration of our decision, which motion we denied on December 6, 2010.

---

[2] Because John and Elmer Cook share a last name, we refer to Elmer by his first name for clarity and intend no disrespect.

2

On remand, Brateng requested the trial court to award her $54,077 against Elmer's trust for her caregiving expenses, trustee expenses, and out-of-pocket costs, and she requested the trial court to award her $134,000 in reasonable attorney fees against Cook personally, under RCW 11.96A.310(10) and RCW 11.96A.150. The trial court found that the reasonable value of Brateng's caregiving expenses totaled $38,250 and awarded those expenses against Elmer's estate.[3] The trial court found Brateng's reasonable attorney fees were $24,716.34 for the trial, $24,193.95 for the appeal, and $5,000 for the remand proceedings. The trial court concluded that RCW 11.96A.310 did not apply and instead awarded the attorney fees against Elmer's estate under RCW 11.96A.150. In determining that Brateng's attorney fees should be paid from Elmer's estate rather than from Cook personally, the trial court found that Cook was "not personally liable for any of [Brateng's] attorney fees as that would penalize [Cook] for exercising his non-frivolous right to challenge the trustee's conduct in managing the estate." Clerk's Papers (CP) at 85. Brateng timely appeals the trial court's attorney fees ruling.

ANALYSIS

I. RES JUDICATA DOES NOT BAR BRATENG'S CLAIM ON APPEAL

As an initial matter, Cook asserts that the doctrine of res judicata bars Brateng's claim that the trial court erred by failing to apply RCW 11.96A.310(10) to its attorney fees determination. Cook first argues that because our opinion in *Cook* directed the trial court to award Brateng her attorney fees under RCW 11.96A.150, res judicata bars Brateng's claim that the trial court erred by failing to apply RCW 11.96A.310(10). We disagree.

---

[3] Brateng does not appeal this finding.

Res judicata, or claim preclusion, prohibits the same parties from litigating a second lawsuit on the same claim or any other claim that could have been, but was not, raised in the first suit. *Roberson v. Perez*, 156 Wn.2d 33, 41 n. 7, 123 P.3d 844 (2005). That doctrine does not apply here because this case does not involve a second suit between the parties, but instead involves a subsequent stage of the same litigation. Cook thus appears to confuse the doctrine of res judicata with the law of the case doctrine. *See Roberson*, 156 Wn.2d at 41. "In its most common form, the law of the case doctrine stands for the proposition that once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." *Roberson*, 156 Wn.2d at 41.

Even assuming, however, that Cook had argued that Brateng's claim on appeal was barred under the law of the case doctrine, his argument would nonetheless fail. In the parties' original appeal, we held the following with regard to the issue of attorney fees:

> Both [Brateng] and [Cook] requested attorney fees below. The trial court awarded [Cook] all of his requested attorney fees, amounting to $24,425.00 and awarded [Brateng] one-half of her requested attorney fees, amounting to $12,358.17. RCW 11.96A.150(1) grants both trial courts and appellate courts broad discretion to order attorney fees. "In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved." RCW 11.96A.150(1). Generally, attorney fees may be awarded against a trust "only where the litigation results in a substantial benefit to the trust." *Bartlett v. Betlach*, 136 Wn. App. 8, 22, 146 P.3d 1235 (2006) (citing *In re Estate of Niehenke*, 117 Wn.2d 631, 648, 818 P.2d 1324 (1991)), *review denied*, 162 Wn.2d 1004 (2007). [Brateng] correctly argues that the trial court improperly awarded attorney fees to [Cook] because the litigation did not result in a substantial benefit to the trust.
>
> Because the trial court erred in finding that [Brateng] breached her duty to inform [Cook], the trial court improperly awarded [Cook] all of his attorney fees. Because we hold that [Brateng] did not breach her fiduciary duties as trustee, [Cook] is not entitled to attorney fees for this appeal. RCW 11.96A.150(1). Instead, [Brateng] is entitled to an attorney fee award, both at the trial court and

> on appeal. Accordingly, we vacate the award of attorney fees to [Cook] below and remand to the trial court to award [Brateng] attorney fees, for her expenses incurred below and on this appeal, after the estate is revalued and distributed.

*Cook*, 158 Wn. App. at 795-96.

Although our previous opinion in *Cook* discussed RCW 11.96A.150, it did so only in reference to the trial court's error in awarding attorney fees to Cook. Our opinion did not direct the trial court to award Brateng attorney fees under any particular statute. Accordingly, our prior opinion in *Cook* does not bar Brateng's claim in this appeal under either the doctrine of res judicata or the law of the case doctrine.

Cook next argues that our denial of Brateng's motion for partial reconsideration, in which she requested we modify the opinion to clarify that the trial court must award her fees under RCW 11.96A.310(10), bars her claim on appeal under the doctrine of res judicata. Again, we disagree. As addressed above, the doctrine of res judicata does not apply. The law of the case doctrine similarly does not bar Brateng's claim. The law of the case doctrine provides that an appellate holding enunciating a principle of law must be followed in subsequent stages of the same litigation. *Roberson*, 156 Wn.2d at 41. Here, our order denying Brateng's motion for partial reconsideration did not state our reasons for denying her motion and, thus, did not enunciate any principle of law that was required to be followed in later stages of litigation. Accordingly, our summary denial of Cook's motion for reconsideration does not bar Brateng's claim under either the doctrine of res judicata or the law of the case doctrine.

## II. RCW 11.96A.310(10) GOVERNS A TRIAL COURT'S ATTORNEY FEE DETERMINATION FOLLOWING A TRIAL DE NOVO UNDER RCW 11.96A.310(9)

Brateng asserts that the trial court erred by failing to apply RCW 11.96A.310(10) to its attorney fees determination. We agree and remand back to the trial court to determine Brateng's reasonable attorney fees under RCW 11.96A.310(10).

We apply a dual standard of review to a trial court's award of attorney fees. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). We review a trial court's initial determination of the legal basis for an award of attorney fees de novo. *Gander*, 167 Wn. App. at 646-47. And "we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." *Gander*, 167 Wn. App. at 647. A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "An error of law constitutes an untenable reason." *In re Marriage of Farmer*, 172 Wn.2d 616, 625, 259 P.3d 256 (2011).

When a question of law requires us to interpret a statute, "our objective is to ascertain and carry out the legislature's intent." *Dep't of Revenue v. Sprint Spectrum, LP*, 174 Wn. App. 645, 658, 302 P.3d 1280, *review denied*, 178 Wn.2d 1024 (2013) (citing *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010)). We begin by looking to the statute's plain meaning. *Sprint*, 174 Wn. App. at 658. "We discern the plain meaning from the ordinary meaning of the language at issue, the statute's context, related provisions, and the statutory scheme as a whole." *Sprint*, 174 Wn. App. at 658. If the language of the statute is unambiguous, we discern the legislature's intent from the plain language alone. *Sprint*, 174 Wn. App. at 658 (citing *Waste Mgmt. of Seattle, Inc. v. Util. & Transp. Comm'n*, 123 Wn.2d 621,

629, 869 P.2d 1034 (1994)). Statutes concerning the same subject matter must be read together to give effect and to harmonize each with the other. *US W. Commc'ns, Inc. v. Utils. & Transp. Comm'n*, 134 Wn.2d 74, 118, 949 P.2d 1337 (1997).

RCW 11.96A.310 provides in relevant part:

(9) Appeal. (a) The final decision of the arbitrator may be appealed by filing a notice of appeal with the superior court requesting a trial de novo on all issues of law and fact.

(10) Costs on appeal of arbitration decision. The prevailing party in any such de novo superior court decision after an arbitration result *must* be awarded costs, including expert witness fees and attorneys' fees, in connection with the judicial resolution of the matter. Such costs shall be charged against the nonprevailing parties in such amount and in such manner as the court determines to be equitable. The provisions of this subsection take precedence over the provisions of RCW 11.96A.150 or any other similar provision.

(Emphasis added.).

And RCW 11.96A.150(1) provides:

Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

The plain language of RCW 11.96A.310(10) requires a trial court to award fees against the nonprevailing party of a trial de novo following an appeal of an arbitrator's decision under RCW 11.96A.310(9). The plain language of RCW 11.96A.310(10) also provides that its provisions "take precedence over the provisions of RCW 11.96A.150." Here, Cook appealed the arbitrator's decision and requested a trial de novo in the superior court under RCW

11.96A.310(9), thus invoking the fee provisions of RCW 11.96A.310(10). Accordingly, the trial court was required to consider RCW 11.96.310(10)'s fee provisions in making its attorney fees determination.

The trial court's finding that Cook was "not personally liable for any of [Brateng's] attorney fees as that would penalize [Cook] for exercising his non-frivolous right to challenge the trustee's conduct in managing the estate" is an untenable reason for the trial court to conclude that RCW 11.96A.310(10) did not apply to its attorney fee determination. CP at 85. The frivolity of an appeal of an arbitrator's decision under RCW 11.96A.310(9) is not a relevant factor in a trial court's initial consideration of whether RCW 11.96A.310(10)'s fee provisions apply. Rather, RCW 11.96A.310(10) directs the trial court to award costs to the "prevailing party" of a trial de novo following an appeal of the arbitrator's decision. Here, because Brateng was the prevailing party in the trial de novo following her successful appeal in *Cook*, the trial court erred by refusing to award attorney fees under RCW 11.96A.310(10).

Although RCW 11.96A.310(10) states that its fee provisions "take precedence over the provisions of RCW 11.96A.150," we do not interpret this language to require the trial court on remand to apply RCW 11.96A.310(10) to the exclusion of RCW 11.96A.150. Rather, reading these related statutes in harmony with each other and giving effect to both, we hold that the trial court must first determine Brateng's reasonable attorney fees to be awarded against Cook personally "in such amount and in such manner as the court determines to be equitable" under

No. 43683-3-II

RCW 11.96A.310(10).[4] After making this initial determination, the trial court may, in its discretion, award Brateng reasonable attorney fees under RCW 11.96A.150 in consideration of "any and all factors that it deems to be relevant and appropriate," which may include consideration of the amount of attorney fees already awarded to Brateng under RCW 11.96A.310(10). Further, the trial court may direct that any attorney fees awarded under RCW 11.96A.150 "be paid in such amount and in such manner as the court determines to be equitable," including from "the assets of the estate or trust involved in the proceedings."

Cook requests attorney fees under RAP 18.9 for defending a frivolous appeal.[5] Because Brateng succeeded in her appeal, we deny Cook's request for attorney fees.

We hold that the trial court erred by failing to apply the fee provisions of RCW 11.96A.310(10) and remand for the trial court to determine Brateng's reasonable attorney fees under that statutory provision.

_____
Worswick, C.J.

We concur:

_____
Johanson, J.

_____
Bjorgen, J.

_____

[4] To the extent that Brateng argues that the trial court lacked discretion under RCW 11.96A.310(10) to award her less than her requested attorney fees and costs following her successful appeal from the trial de novo, the quoted language above defeats her argument.

[5] Brateng has not requested attorney fees related to this current appeal.

9