2015 AUG 10 AM 10: 15



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| In re the Matter of: | ) | No. 72657-9-I |
|  | ) |  |
| THE BEVERLY C. MORGAN FAMILY TRUST, dated April 3, 1985, as amended and restated in its entirety on November 6, 2013. | ) ) ) ) ) ) ) ) | DIVISION ONE<br><br>UNPUBLISHED<br><br>FILED: August 10, 2015 |

Cox, J. — The Trust and Estate Dispute Resolution Act (TEDRA) provides for the award of attorney fees and costs. Specifically, courts may, in their discretion, award these amounts to be paid by any party to a TEDRA proceeding in such manner as a court determines to be equitable.[1]

Here, Thomas Morgan appeals the trial court's order awarding fees and costs against him in favor of Nancy Shurtleff. We hold that the trial court did not abuse its discretion in awarding fees against him. But the findings of the trial court do not fully address his objections to the amount of fees awarded. Accordingly, we affirm in part, vacate in part, and remand for further proceedings.

Thomas Morgan, Nancy Shurtleff, and John Morgan (John[2]), are the children of Beverly C. Morgan. They, along with Shurtleff's two daughters, are beneficiaries of the Beverly C. Morgan Family Trust.

---

[1] RCW 11.96A.150.

[2] Due to the similarity in names, we refer to John Morgan by his first name.

Beverly C. Morgan died in January 2014. Following her death, Morgan, as trustee, issued a "Notification by Trustee Under Probate Code Section 16061.7." This notified the beneficiaries of the Beverly C. Morgan Family Trust "as amended and completely restated on November 6, 2013," identified Morgan as the trustee, and identified the principal place of administration of the trust in Seattle, Washington. The notification further stated that an action to contest the trust must be brought within 120 days.

Shurtleff timely petitioned to challenge the amended trust in King County Superior Court in May 2014. The petition sought to construe the trust terms, to determine the validity of a trust provision, to ascertain beneficiaries, and, in the alternative, to invalidate the trust on the basis of undue influence, lack of capacity, and fraudulent representations.

Notwithstanding Shurtleff's petition in Washington, Morgan filed a petition for interpretation of the Beverly C. Morgan Family Trust in Orange County, California. He then filed in King County Superior Court his opposition to Shurtleff's petition and a motion for the court to decline jurisdiction. Morgan submitted a declaration offering to reimburse Shurtleff for her travel to Orange County "to defend against the proper petition brought there once [the King County Superior Court] has declined jurisdiction."

Shurtleff moved in the Orange County superior court to dismiss Morgan's pending California petition or, in the alternative, to stay the matter.

On July 16, 2014, Morgan issued an "Amended and Corrected Notification by Trustee Pursuant to Probate Code § 16061.7." This notification was sent to

the beneficiaries "to amend and correct the principal place of administration of the Trust." It stated that the amended and corrected address was in Newport Beach, California.

A hearing on Shurtleff's petition commencing this action occurred on July 22, 2014. The case was set for trial.

One week later, Morgan filed a declaration in Orange County, offering to allow Shurtleff to file the claims from her Washington petition in California without raising any defense based on the statute of limitations.

On August 8, 2014 the Orange County court heard Shurtleff's motion to dismiss or stay proceedings. It denied the motion. It stated, "Shurtleff's claims, as alleged in her May 28, 2014 Washington petition, may be tried in this pending action without any defense of statute of limitations or any other time barred defense . . . ." It also stated, "[I]n the alternative, [Shurtleff] may file a petition in this action, seeking all the relief that she sought in the Washington action without any defense of statute of limitations or any other time barred defense."

Following this ruling, Shurtleff filed a petition in Orange County that included the same claims brought in the Washington action, along with other claims brought under California law.

Thereafter, Shurtleff moved to dismiss this Washington proceeding. This motion was conditioned on the court awarding her attorney fees and costs incurred in this proceeding. Morgan opposed Shurtleff's motion for fees. We describe this motion and the opposition in more detail later in this opinion.

The trial court granted Shurtleff's motion for an award of attorney fees and costs against Morgan. There was no award against the trust estate.

Morgan appeals.

## ATTORNEY FEES

Morgan challenges the award of attorney fees to Shurtleff on two bases. First, he argues that Shurtleff was not entitled to an award under RCW 11.96A.150. Second, he challenges the amount of fees awarded.

### Statutory Equitable Considerations

Morgan first argues that Shurtleff was not entitled to an award of reasonable attorney fees under RCW 11.96A.150. We disagree.

Under RCW 11.96A.150(1):

> Either the superior court or any court on appeal may, in *its discretion*, order costs, including reasonable attorneys' fees, to be awarded to any party: *(a) From any party to the proceedings*; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, *to be paid in such amount and in such manner as the court determines to be equitable*. In exercising *its discretion* under this section, the court *may consider* any and all factors that it deems to be relevant and appropriate, which factors *may but need not include whether the litigation benefits the estate or trust involved*.[3]

As the plain words of this statute indicate, the award of fees under the statute is discretionary. Accordingly, we review for abuse of discretion.[4] A trial

---

[3] (Emphasis added.)

[4] In re Estate of Black, 153 Wn.2d 152, 173, 102 P.3d 796 (2004).

court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons.[5]

Here, the trial court did not abuse its discretion when it determined that Shurtleff was entitled to an award of attorney fees on equitable grounds. Morgan's conduct directly resulted in Shurtleff filing her petition to contest the trust in Washington.

The trial court made the following findings with respect to its fee award:

> iii) [Shurtleff] properly filed the Petition in Washington as a direct result of [Morgan's] designation of King County Washington as the principal place of administration; and was not required to dismiss until the trust administration location was changed to California.

> iv) [Morgan's] unilateral decision to change the principal place of administration after the Petition was filed appears to be an action which benefited himself to the detriment of the other beneficiaries. [6]

And the court reiterated:

> None of these [fees] (which are reasonable as to hours and rate charged) would have been incurred but for [Morgan's] designation of Washington as the situs of trust administration.[7]

As stated earlier, the statute makes clear that the court may award fees based on equitable considerations. It further specifies that the court may

---

[5] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

[6] Clerk's Papers at 572.

[7] Id. at 573.

5

consider "any and all" factors that it deems "relevant and appropriate" in the exercise of its discretion in awarding fees on an equitable basis.[8]

The court's primary basis for the award of fees was that Morgan's conduct directly resulted in Shurtleff filing her petition in Washington. This was a proper equitable basis to award fees.

On January 30, 2014, Morgan, as trustee, issued the "Notification by Trustee under Probate Code Section 16061.7." This notification stated that the principal place of administration of the trust was in Seattle, Washington. It further stated that any action to contest the trust must be brought within 120 days. Following this notification, Shurtleff brought her petition in King County. Thus, Shurtleff's action was a natural consequence of Morgan's actions. On this basis alone, the court properly exercised its discretion.

Also in support of its award, the court found that the decision to change the principal place of administration appeared to be an action to the detriment of other beneficiaries. This is supported by the record, and it further supports the award of fees.

Declarations provided by the beneficiaries establish that they are Washington residents. John testified in his declaration that it "would be a hardship on [him] if this litigation were to be conducted in California." He further testified, "This recent change in the location of the Trust appears to be a direct result of the pending litigation and an attempt to make it more difficult for me, and the other beneficiaries, to participate in the litigation." And he testified that

_____
[8] RCW 11.96A.150(1).

consultation with his tax advisors indicated that moving administration of the trust to California "may expose [him] to California income tax that would be avoidable if administration of the trust remain[ed] in Washington." Morgan's prior attorney expressed similar concerns in a deposition:

Q: So what is the net tax effect, positive or negative, tax only, of [s]iting the trust in California versus Washington?

A: If the fiduciary were located in California, then California's income tax would apply to all income and gain recognized by the trustee regardless of source.

Q: So how would it be in the best interest of the trust and its beneficiaries to [s]ite the trust in California?

A: I don't know that it would be.[9]

In sum, the court did not abuse it discretion when it determined that Shurtleff was entitled to an award of attorney fees to be paid by Morgan based on these equitable considerations.

Morgan argues that there is "no evidentiary or legal support" for the finding that his action "appears to be an action which benefited [him] to the detriment of the other beneficiaries." He asserts that having the principal place of administration in Washington would have exposed the Trust to payment of estate taxes, while California would not. If this assertion is true, it is unclear why he first designated Washington as the place of administration of this trust. According to the argument he now advances, doing so would have exposed the trust to taxes that would not have been incurred if he had chosen California. That could be considered a breach of his fiduciary duty to avoid erosion of the trust assets.

---

[9] Clerk's Papers at 36.

In any event, the evidence discussed earlier supports the court's finding that moving the place of administration of the trust "appears to be" to the detriment of the beneficiaries. The beneficiaries are all Washington residents, and John testified that moving the litigation would be a hardship for him.

Morgan also argues that this finding is untenable because there was no trial or hearing on his conduct to establish his wrongdoing. But even disregarding this finding, the trial court's award of fees was primarily based on the fact that Morgan initially designated Washington as the place of administration of the trust, which directly resulted in Shurtleff filing her petition in Washington. Neither a trial nor a hearing was required to establish this fact. Morgan speculates that Shurtleff had other motives to file in Washington. But that speculation is unsupported by any evidence in this record.

Morgan next argues that "no Washington case has held, that a petitioner, who files a trust petition, voluntarily dismisses it before a hearing or trial, and provides no benefit to the Trust is entitled to attorney's fees and costs."[10]

As for whether benefit to the trust is required, the plain words of the statute make clear that relevant factors "may but need not include" benefit to the trust. Thus, to the extent his argument is based on a lack of benefit to the trust, it is unpersuasive.

As for the remaining challenges, under RCW 11.96A.150(1), the court may consider "any and all factors that it deems to be relevant and appropriate."

---

[10] Opening Brief of Appellant Thomas E. Morgan at 14.

The factors discussed earlier were appropriate considerations and supported the award of fees.

Morgan asserts that the "outcome determinative case" is Cook v. Brateng.[11] In that case, Division Two stated, "'Generally, attorney fees may be awarded against a trust only where the litigation results in a substantial benefit to the trust.'"[12] And it concluded that the trial court improperly awarded attorney fees in that case because the litigation did not substantially benefit the trust.[13]

Morgan relies on Cook to argue that Shurtleff is not entitled to fees because the litigation did not result in a substantial benefit to the trust. But, as just discussed, the plain words of the statute before us make clear that benefit to the trust is optional, not mandatory.

Moreover, Cook is distinguishable. In that case, it appears that the trial court awarded the attorney fees against the trust itself, not from a party in his individual capacity. Here, in contrast, the trial court awarded attorney fees to Shurtleff from Morgan's personal assets. It did not award attorney fees against the trust. Thus, Shurtleff did not need to establish that the litigation resulted in a substantial benefit to the trust. While the court could consider that factor, it was not required to. Thus, Cook does not control under these circumstances.

---

[11] 180 Wn. App. 368, 321 P.3d 1255 (2014).

[12] Id. at 374 (internal quotation marks omitted) (quoting Cook v. Brateng, 158 Wn. App. 777, 795, 262 P.3d 1228 (2010)).

[13] Id.

Morgan also cites In re Estate of Niehenke[14] and Bartlett v. Betlach[15] for the same proposition. But again, this case involves an award against Morgan in his individual capacity. Thus, reliance on these cases is misplaced.

Next, Morgan challenges the court's findings of fact. Specifically, he argues that the court erred in finding that: (1) "it was mandatory that [Shurtleff's] trust petition had to be filed in King County, Washington," (2) "only the notification of the principal place of administration determines jurisdiction where a trust petition can be filed," (3) "[Morgan] voluntarily and intentionally transferred the trust situs from Orange County, California to King County, Washington," and (4) "the notification of trust situs entitled [Shurtleff] to continue prosecuting her petition in King County, Washington after [Morgan] offered to return the trust situs to Orange County, California within 16 days of [Shurtleff] filing her petition."[16] But these assignments of error mischaracterize the trial court's actual findings of fact.

The trial court did not find that it was "mandatory" that Shurtleff's trust petition "had to be filed in King County, Washington." Nor did it find that "only the notification of the principal place of administration determines jurisdiction where a trust petition can be filed." In fact, the trial court made no findings about the exclusivity of Washington's jurisdiction.

Rather, the trial court found that Shurtleff "properly filed" her petition in Washington "as a direct result of [Morgan's] designation of King County

---

[14] 117 Wn.2d 631, 818 P.2d 1324 (1991).

[15] 136 Wn. App. 8, 146 P.3d 1235 (2006).

[16] Opening Brief of Appellant Thomas E. Morgan at 3.

10

Washington as the principal place of administration . . . ."[17] This finding supported the award of fees because it indicated that Shurtleff relied on Morgan's designation, not because it indicated that Shurtleff could *only* file her petition in Washington.

Likewise, the trial court did not find that Morgan "voluntarily and intentionally transferred the trust situs from Orange County, California to King County, Washington." Rather, the court found that it was Morgan's "unilateral decision to change the principal place of administration after [Shurtleff's] Petition was filed."[18] This refers to Morgan's decision to change the principal place of administration *to* Orange County, California *from* King County, Washington.

Lastly, the trial court did not find that "the notification of trust situs entitled [Shurtleff] to continue prosecuting her petition in King County, Washington after [Morgan] offered to return the trust situs to Orange County, California within 16 days of [Shurtleff] filing her petition." Thus, this need not be addressed.

In short, because the trial court did not make the findings alleged by Morgan, this court need not further address his arguments.

Finally, in his reply brief, Morgan argues that the order awarding attorney fees is not against him individually. But this is contrary to the record.

As the words of statute make clear, the court may award fees "[f]rom any party to the proceeding."[19] Morgan is such a party.

---

[17] Clerk's Papers at 572.

[18] Id.

[19] RCW 11.96A.150(1).

Shurtleff argued in her motion that Morgan breached his fiduciary duties and that his actions necessitated the Washington filing. And she requested that "Tom" be responsible for fees incurred. It is clear that Shurtleff was requesting attorney fees to be paid by Morgan personally. It is equally clear that the court awarded fees against Morgan personally.

*Amount of Reasonable Attorney Fees*

Morgan next argues that the court abused its discretion in determining the amount of the fees. Specifically, he argues the court abused its discretion by conducting in camera review of billing records that were not provided to him and not a part of this record on appeal. We hold that the findings of the trial court concerning the amount of fees awarded do not fully support the award.

"A determination of reasonable attorney fees begins with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[20] The court must limit the lodestar to hours reasonably expended and should discount hours "spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."[21] The trial judge "'who has watched the case unfold . . . is in the best position to determine which hours

---

[20] 224 Westlake, LLC v. Engstrom Props., LLC, 169 Wn. App. 700, 734, 281 P.3d 693 (2012).

[21] Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

should be included in the lodestar calculation."[22] After the lodestar figure is calculated, the court may consider an adjustment based on additional factors.[23]

"To establish the reasonableness of the fee award, the attorney's documentation of the work performed must satisfy at least a minimum level of detail."[24] As the supreme court stated in Bowers v. Transamerica Title Insurance Co., "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work . . . ."[25]

"'Courts must take an active role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestionably fee affidavits from counsel.'"[26] The trial court "must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question."[27] "The findings must show how the court resolved disputed issues of

---

[22] 224 Westlake, 169 Wn. App. at 735 (alteration in original) (quoting Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 540, 151 P.3d 976 (2007)).

[23] Id.

[24] Id. at 734.

[25] 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

[26] Berryman v. Metcalf, 177 Wn. App. 644, 657, 312 P.3d 745 (2013) (emphasis omitted) (quoting Mahler v. Szucs, 135 Wn.2d 398, 434-35, 957 P.2d 632, 966 P.2d 305 (1998)), review denied, 179 Wn.2d 1026 (2014).

[27] SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 144, 331 P.3d 40 (2014).

fact and the conclusions must explain the court's analysis."[28]

We review for abuse of discretion the reasonableness of an attorney fee award.[29]

Here, Shurtleff initially requested that Morgan pay attorney fees and costs voluntarily before moving for an order to do so. With her e-mail to California counsel for Morgan, she attached a four-page redacted billing spreadsheet. Morgan refused, arguing that the information provided in the spreadsheet was "utterly inadequate." Nevertheless, he identified several categories of objections to the redacted billing spreadsheet. Of these, one objection was to three lawyers attending a July 22, 2014 hearing. Another objection was to an entry on May 28, 2014 that failed to specify what was done and who "Sandy J. Ullom," the person doing the work, was. The remaining objections were more general.

Shurtleff's attorney responded:

> We are, of course, between a rock and a hard place with regard to the redactions because we cannot waive the attorney/client privilege or work product immunity given the ongoing litigation. We can give you more descriptions of the activities for which we do not request reimbursement from [Morgan], and all of our undertakings will of course be verified by court review of the unredacted invoices. But we disagree with your characterization of what information was already provided in any event—we provided dates, individuals who worked on the efforts described in the entries (TKPR Name column), and general information about the work completed. If more detail regarding what we did not request from [Morgan], or more inclusion of the general subject matter of the tasks performed, would be helpful, or if you have any other

---

[28] Berryman, 177 Wn. App. at 658.

[29] 224 Westlake, 169 Wn. App. at 734.

solution to this impasse you would like to share, we certainly would be willing to try.[30]

Morgan's attorney did not respond to this e-mail.

Thereafter, Shurtleff moved for an award of attorney fees and costs. She filed a declaration from Bruce McDermott, one of her attorneys. Attached to his declaration were copies of the e-mails between the parties and the redacted billing spreadsheet. The motion indicated that an unredacted copy of the billing spreadsheet was provided to the court for consideration in camera.

We assume that an unredacted copy of the billing spreadsheet was provided to the court. But whatever was provided to the court is not in the record on appeal. Thus, we have no ability to review it.

Morgan opposed this motion. He argued that the redacted spreadsheet was defective for the following reasons:

The chart [of redacted data for billing statements] has no description of anything done in its 55 work description entries.

The chart has no time for anything done in its 55 work description entries.

The chart has no nouns or objects in its 55 work description entries.

The chart contains only 137 non-redacted words, mostly verbs.

An example: the 5/28/2014 entry for Sandy J. Ullom has nothing but black space for which [Shurtleff] is seeking $171.00.[31]

He also argued that the legal work performed for the Washington petition was "used and amplified on" in the California petition. And he argued that in camera

<hr>

[30] Clerk's Papers at 53.

[31] Id. at 72.

review of unredacted data for billing statements did not solve the problem of the lack of information in the redacted chart to allow meaningful challenge to the fee request.

In reply, Shurtleff argued that she provided sufficient information to the court and that this was all that was required. She also filed another declaration from McDermott. This declaration set forth the hourly billing rates, timekeepers, and general descriptions of work both excluded and included in the request for fees. It stated:

> To determine what fees for which to request reimbursement in this matter, our accounting department downloaded every account entry from the date of our employment by Nancy Shurtleff through the date of the initial Washington hearing. We first eliminated time entries related to interviews with potential witnesses in both the Washington and California actions. We next eliminated entries related to the motions to strike and the opposition to the motion for admission pro hac vice. We did not eliminate entries that evaluated law particular to the state of Washington and how that law would or could apply in our case. We then examined the individual entries and reduced the hours billed on particular entries to edit out time spent on items that were used in both the California and the Washington action. Time incurred to respond to Mr. Morgan's Response was included in the reimbursement request because his filing was filed as a Response to our initial Petition and under the rules we were entitled to file a reply to those pleadings. Filings [sic] reply briefs and documents in support is particularly important in cases brought under RCW 11.96A. *et. seq.*, as the initial hearing may be a hearing on the merits. We also billed time for work with co-counsel, in particular counsel for the other trust beneficiaries who were never served by Respondent in the California action, and thus, at that time, were parties only in the Washington action. When we filed our petition in California, we properly named all of those individuals as parties and we currently have a pending motion in California to joint them to Mr. Morgan's original California petition as indispensable parties.[32]

---

[32] Id. at 128-29.

There was no other information provided.

The trial court awarded Shurtleff her full requested amount of $41,573.64 in attorney fees, $242.49 in court fees, and $1,159 in service costs without making any discounts. The court stated in its written decision that it considered "all the pleadings." It further stated that the request was reasonable as to hours and rates.

The court did not specifically address the objection to the May 28, 2014 entry that has no description of work performed and no information about who performed the work. Likewise, the court did not address the objection to three attorneys from the firm attending the July 22, 2014 hearing. And it did not address Morgan's contention that the legal work performed for the Washington petition was "used and amplified on" in the California petition.

Morgan first argues that the trial court's ruling violated Berryman v. Metcalf.[33] In that case, this court reiterated that "[t]he findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis."[34]

We agree that the court's ruling in this case violated Berryman. The trial the court failed to enter findings on the specific objections that Morgan raised that we just described. Thus, this court cannot be sure that the trial court considered

---

[33] Opening Brief of Appellant Thomas E. Morgan at 23 (citing Berryman v. Metcalf, 177 Wn. App. 644, 312 P.3d 745 (2013)).

[34] Berryman, 177 Wn. App. at 658.

his objections. Accordingly, we vacate the fee award, at least to this extent, and remand for more thorough findings on these objections.

Next, Morgan essentially challenges whether the hours expended were reasonable. He does not challenge the reasonableness of the hourly billing rates of those attorneys identified in McDermott's declaration. Rather, he argues that the trial court abused its discretion by awarding 100 percent of the fees requested by conducting an in camera review of the unredacted billing records where he was provided redacted billing records. A recent decision from this court, 224 Westlake LLC v. Engstrom Properties LLC provides guidance.[35]

In that case, Westlake's attorney provided Engstrom with declarations explaining the firm's general billing practices, the qualifications of attorneys, hourly rates, and a broad summary of the work performed during the litigation.[36] It also provided two "Summary Fee Transaction File Lists" of less than one page, stating the total hours claimed by each attorney, a law clerk and a paralegal.[37] It provided detailed billing history to the court for in camera review.[38] The record on appeal did not contain the documents reviewed in camera.[39]

Engstrom argued that the court abused its discretion by conducting an in camera review of Westlake's attorney fee invoices without ordering Westlake to

---

[35] 169 Wn. App. 700, 281 P.3d 693 (2012).

[36] Id. at 735.

[37] Id.

[38] Id. at 736.

[39] Id. at 739.

produce detailed fee records for Engstrom's review.[40] Engstrom further argued that the one-page summaries did not provide the detail required by Bowers, which requires the documentation to "inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work."[41] Engstrom argued that without this information, it did not have a foundation to make specific challenges.[42] In response, Westlake argued that the information was protected by attorney-client privilege and the work product doctrine, and that the one-page summaries were sufficient under Bowers.[43]

This court concluded that the one-page summaries did not meet the Bowers standard because they did "not distinguish among the tasks accomplished during the hours claimed."[44] It further stated, "Without access to such basic information, Engstrom had no hope of critiquing the request in a meaningful way."[45] And it stated, "Westlake's response that the billings contained privileged information cannot serve as a final answer to this problem.

---

[40] Id. at 740.

[41] Bowers, 100 Wn.2d at 597.

[42] 224 Westlake, 169 Wn. App. at 740 (citing Bowers, 100 Wn.2d at 597).

[43] Id.

[44] Id.

[45] Id.

Privileged information could have been redacted or a more detailed summary could have been prepared."[46]

Here, of these two options, Morgan does not expressly argue that the redactions on the chart he received were improper. And the trial court did not rule on the propriety of the redactions. Thus, Morgan bases his argument on the second option—that a more detailed summary of redacted information should have been provided to him. Only then, he argues, could he have meaningfully challenged the fee application.

224 Westlake suggests that the information provided to an opposing party must meet the Bowers standard. Neither party provides any contrary authority to this suggestion.

Assuming that Bowers is the relevant standard for determining the amount of detail required to be provided to one opposing a fee application, we conclude that the documentation provided to Morgan in this case was sufficient except for the objections we previously discussed.

Shurtleff provided the redacted spreadsheet of data used for billing statements, which contained four columns. The first provided the date, the second provided the names of the attorneys working on the case, the third provided a description of the type of work performed, and the fourth listed the adjusted billing total for each timekeeper. She also provided McDermott's second declaration, which detailed each attorney's title and billing rate.

---

[46] Id.

Accordingly, the documentation provided Morgan with "the category of attorney who performed the work."[47] Each entry listed the attorney's name, and McDermott's declaration provided additional information on the attorney's position and billing rate.

The documentation also enabled Morgan to derive the number of hours worked. Morgan would have been able to calculate this by dividing the adjusted billing total by the attorney's hourly rate once Shurtleff provided McDermott's second declaration with the attorney's hourly rates.

Thus, the question is whether the documentation here adequately provided Morgan with "the type of work performed."[48] The descriptions in the third column are very general. For example, they include descriptions such as: "Call with," "Begin revising," "Draft," and "Review." They do not provide information about the specific subjects of these entries.

Our review of Bowers leads us to conclude that these broad terms are sufficient. In fact, these descriptions resemble an illustrative table in Bowers that lists under "type of work" such entries as "Review of pleadings," "Research & drafting," and "Depositions."[49] We see no material distinction between these descriptions in Bowers and the descriptions in this case.

Further, in this case, Shurtleff provided Morgan with a declaration from McDermott, which generally detailed the type of work for which Shurtleff

---

[47] See Bowers, 100 Wn.2d at 597.

[48] See id.

[49] Id. at 598.

requested attorney fees. For example, the declaration described entries for which Shurtleff sought reimbursement, such as entries that evaluated law particular to the state of Washington. It also described entries that were eliminated from Shurtleff's request, such as entries related to the California action.

In sum, these descriptions, though general, considered with the other information provided are sufficient to satisfy the level of detail required in Bowers. Subject to our prior comments concerning the need for more thorough findings on Morgan's specific objections, the trial court did not abuse its discretion.

## ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal. We grant Shurtleff's request and deny Morgan's request.

Under RCW 11.96A.150(1), an appellate court may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party from any party to the proceedings. Like a trial court, an appellate court may consider "any and all factors that it deems to be relevant and appropriate."

Here, an award of attorney fees to Shurtleff is proper. Morgan initially designated Washington as the principal place of administration of the trust and stated a deadline by which any contest of the trust should be made. Shurtleff, quite naturally, followed this direction and filed here. Morgan's appeal is from an adverse order on fees. It would be inequitable to impose the costs of litigation on appeal on Shurtleff.

We also deny Morgan's request for fees on appeal on the same equitable basis.

The amount of reasonable attorney fees on appeal awarded to Shurtleff shall be determined by the trial court on remand, pursuant to RAP 18.1(i).

## COSTS

Finally, Morgan also appears to object to the award of costs to Shurtleff. But he fails to make any specific arguments on appeal about costs. Accordingly, challenges to costs are waived.

We affirm in part, vacate in part, and remand for further proceedings. We also grant Shurtleff's request for attorney fees on appeal and deny Morgan's request for attorney fees on appeal.

Cox, J.

WE CONCUR:

Trickey, J

23