IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| OUR REVOLUTION WASHINGTON, a Washington nonprofit corporation; VIVIAN QUEIJA, an individual, and RYAN WHITNEY, an individual, | ) ) ) ) ) | No. 78497-8-I |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| ANDREW G. SATURN, an individual, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) ) | FILED: July 22, 2019 |

VERELLEN, J. — Andrew Saturn appeals the trial court's award of attorney fees to Our Revolution Washington (ORW). On minimal briefing, Saturn contends res judicata barred ORW's request for attorney fees because a stipulated order dismissing all claims with prejudice was a final judgment. Saturn is incorrect.

Although an order granting a stipulated dismissal with prejudice is a final judgment for purposes of res judicata,[1] such an order does not preclude an award of attorney fees. Res judicata can refer to either issue or claim preclusion.[2] Issue

---

[1] Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co., 175 Wn. App. 222, 228 n.11, 308 P.3d 681 (2013).

[2] Kelly-Hansen v. Kelly-Hansen, 87 Wn. App. 320, 327, 941 P.2d 1108 (1997) (quoting Philip A. Trautman, Claim and Issue Preclusion in Civil Litigation in Washington, 60 WASH. L. REV. 805, 805 (1985)).

preclusion does not apply because the court did not make any rulings in its dismissal order whether to award or deny attorney fees.[3] And claim preclusion does not apply because "this case does not involve a second suit between the parties but instead involves a subsequent stage of the same litigation."[4] Saturn provides no authority that under either meaning of res judicata, OWA was estopped from requesting attorney fees.[5]

Therefore, we affirm.

WE CONCUR:

---

[3] Clerk's Papers at 1-3, 230; see Weaver v. City of Everett, 4 Wn. App. 2d 303, 315, 320, 421 P.3d 1013 (2018), review granted, 192 Wn.2d 1001, 430 P.3d 251 (2018) (final judgment on the merits of an issue is required for issue preclusion).

[4] Cook v. Brateng, 180 Wn. App. 368, 373, 321 P.3d 1255 (2014); see Weaver, 4 Wn. App. 2d at 320 ("Generally, [claim preclusion] bars the relitigation of claims that were litigated, *might* have been litigated, or *should* have been litigated in a prior action."); CR 54(d)(2) (allowing a motion for attorney fees after entry of the final judgment for which the party seeks fees); see also, e.g., Elliott Bay Adjustment Co., Inc. v. Dacumos, 200 Wn. App. 208, 214, 218, 401 P.3d 473 (2017) (dismissal with prejudice bars the plaintiff from bringing the same claim against the defendant but does not preclude an award of attorney fees in a subsequent stage of the original action).

[5] Saturn seems to argue in his reply brief that ORW's motion was untimely under CR 54(d)(2), but we decline to consider this argument because he makes it only in reply and provides no citations to the record to support his contention. See RAP 10.3(c) (content of a reply brief is limited to issues already raised); RAP 10.3(a)(6) (arguments must be presented with references to relevant parts of the record).

2