FILED
1/12/2026
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BARBARA STUART ROBINSON, | No. 87863-8-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ST. FRANCIS HOSPITAL, | |
| Respondent. | |

COBURN, J. — Barbara Robinson sued St. Francis Hospital after being treated for chest pain in March 2024. This court affirmed the summary judgment dismissal of her claims. See Robinson v. St. Francis, No. 87456-0. About two weeks after the trial court dismissed her first suit, Robinson again sued St. Francis Hospital based on the same set of facts. This second suit was barred by res judicata, which prompted Robinson's current appeal of the trial court's summary judgment dismissal of this second suit. We affirm.

## FACTS

Shortly after she was treated for chest pain at St. Francis's emergency department on March 13, 2024, Barbara Robinson filed a lawsuit against St. Francis, alleging medical negligence and deprivation of due process in connection with her

treatment.[1] St. Francis moved for summary judgment, arguing that Robinson was required to support her medical negligence claim with expert testimony and failed to do so and she could not maintain a constitutional due process claim against St. Francis, a non-state actor. The trial court granted St. Francis's motion and dismissed Robinson's complaint with prejudice.

On November 19, 2024, approximately two weeks after the trial court dismissed her first lawsuit against St. Francis, Robinson filed a second complaint in superior court against St. Francis, again arising from the same treatment provided by St. Francis in March 2024. This new complaint alleged that St. Francis violated a provision of the Washington Death with Dignity Act, RCW 70.245.060, by failing to refer her for counselling.

St. Francis moved for summary judgment on two grounds. St. Francis asserted that Robinson's lawsuit was barred by res judicata. St. Francis further argued that RCW 70.245.060, which sets forth circumstances wherein a medical provider must refer a patient for counseling before providing a prescription to end a patient's life, did not apply. Among other materials, St. Francis provided Robinson's prior complaint and the trial court order dismissing her complaint.

Robinson argued in response that St. Francis's motion should be dismissed because Washington's Death with Dignity Act had been "abandoned." And she asserted that res judicata did not apply because she was raising a "new claim" related to a "contract service agreement" which was not adjudicated in the prior lawsuit.

---

[1] While Robinson's first lawsuit in state court was pending, she filed another lawsuit against St. Francis in federal district court, again alleging medical negligence and violation of her constitutional rights. According to St. Francis, Robinson later voluntarily dismissed her federal complaint.

The trial court held a hearing on St. Francis's motion. Robinson did not appear. The trial court granted St. Francis's motion and dismissed Robinson's complaint with prejudice.

Robinson appeals.

DISCUSSION

Robinson challenges the trial court's order of summary judgment dismissal.

We review orders on motions for summary judgment de novo and will consider all evidence and inferences "in the light most favorable to the nonmoving party." Davies v MultiCare Health Sys., 199 Wn.2d 608, 616, 510 P.3d 346 (2022). "'Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" Berger v Sonneland, 144 Wn.2d 91, 102, 26 P.3d 257 (2001) (quoting Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998)); see also CR 56(c). "The party moving for summary judgment bears the initial burden of showing that there is no disputed issue of material fact. The burden then shifts to the nonmoving party to present evidence that an issue of material fact remains." Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 216, 522 P.3d 80 (2022) (citation omitted). We also review the applicability of res judicata de novo. Lynn v. Dep't of Lab. & Indus., 130 Wn. App. 829, 837, 125 P.3d 202 (2005).

Res judicata bars the relitigation of claims determined by a final judgment, as well as claims the plaintiff could or should have litigated in the prior litigation. Storti v. Univ. of Wash., 181 Wn.2d 28, 40, 330 P.3d 159 (2014). The doctrine "prohibits the same parties from litigating a second lawsuit on the same claim or any other claim"

arising from the same transaction or series of transactions "that could have been, but was not, raised in the first suit." Cook v. Brateng, 180 Wn. App. 368, 373, 321 P.3d 1255 (2014).

The threshold requirement of res judicata is a valid and final judgment on the merits in a prior suit. Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). An order of dismissal with prejudice constitutes a final judgment on the merits. Berschauer Phillips Constr. Co. v. Mut. of Enumclaw Ins. Co., 175 Wn. App. 222, 228 n.11, 308 P.3d 681 (2013). Likewise, orders granting a motion to dismiss or summary judgment are final judgments with preclusive effect. See Carter v. Multicare Health Sys., 31 Wn. App. 2d 755, 767-68, 781, 553 P.3d 98 (2024); Emeson v. Dep't of Corr., 194 Wn. App. 617, 626, 376 P.3d 430 (2016).

Once we ascertain that there has been a prior final judgment, we proceed to evaluate whether subsequent claims are precluded by examining whether the two actions are identical as to the (1) persons and parties; (2) causes of action; (3) subject matter; and (4) quality of the persons for or against whom the claim is made. Ensley, 152 Wn. App. at 902. The party asserting res judicata bears the burden of establishing these elements. Richert v. Tacoma Power Util., 179 Wn. App. 694, 704, 319 P.3d 882 (2014).

Here, the trial court entered a final judgment when it granted St. Francis's motion for summary judgment and dismissed Robinson's initial complaint with prejudice. Both lawsuits are identical for purposes of res judicata because they involve precisely the same parties, Robinson and St. Francis, concern allegedly deficient medical treatment, and arise from the "same transactional nucleus of facts." Kulman v. Thomas, 78 Wn.

App. 115, 122, 897 P.2d 365 (1995).

Robinson does not address the criteria for application of res judicata, here or below. She asserts, without elaboration, a failure to show "no genuine issue as to any material fact." This argument appears to reflect a misunderstanding of the burden-shifting analysis that applies to summary judgment motions. Because St. Francis, the moving party, met its initial burden to show that it was entitled to judgment as a matter of law under the doctrine of res judicata, the burden shifted to Robinson, the nonmoving party, to establish that an issue of material fact remained for trial. See Haley, 25 Wn. App. 2d at 216. Robinson's only argument related to res judicata—the primary basis for St. Francis's motion—was a vague assertion of a new claim that was unadjudicated in the prior lawsuit. But the sole cause of action raised in Robinson's initial and amended complaints was violation of RCW 70.245.060. There is nothing in the record to suggest that she sought permission to amend her complaint. See CR 15 (permitting a plaintiff to amend the complaint by leave of court). And even if Robinson had amended her complaint to include a claim for breach of contract in connection with her medical treatment, the outcome would be the same because res judicata applies as a bar not only to claims brought in the prior lawsuit, but also to claims that could have been asserted. See Cook, 180 Wn. App. at 373.

A substantial portion of Robinson's brief on appeal is devoted to quoting Canons of the Washington Code of Judicial Conduct (CJC). See CJC 2.2 (Impartiality and Fairness); CJC 2.6 (Ensuring the Right to be Heard). Robinson does not explain why she believes the trial court violated principles of judicial ethics. We presume judges perform their functions regularly and properly without bias or prejudice, see Jones v.

<u>Halvorson-Berg</u>, 69 Wn. App. 117, 127, 847 P.2d 945 (1993), and having reviewed the record in this case, we discern nothing to indicate judicial bias or denial of the right to be heard.

St. Francis established that Robinson's lawsuit was precluded by res judicata and it was entitled to judgment as a matter of law. And in response, Robinson presented no contrary or additional evidence showing that any question of fact remained for trial. Summary judgment dismissal was proper.

As a final matter, St. Francis requests an award of reasonable attorney fees and costs on appeal under RAP 18.9(a). RAP 18.9(a) "permits this court to award such fees and costs as a sanction for filing a frivolous appeal." <u>Brett v. Martin</u>, 9 Wn. App. 2d 303, 316, 445 P.3d 568 (2019). "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal." <u>In re Marriage of Schnurman</u>, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

While this court does not award fees lightly, we are persuaded that an award is warranted in this case. As St. Francis points out, Robinson has filed three separate lawsuits against it, two appeals, and one motion for discretionary review based on the same March 2024 emergency department visit. In this appeal, Robinson focuses her argument on issues that are irrelevant to the order on review. Robinson's briefing also fails to comply with the Rules of Appellate Procedure, and she articulates no legal basis for the appeal and provides no cognizable arguments related to the order before us. Because the appeal presents no debatable issues and is devoid of merit, we award St. Francis reasonable attorney fees and costs, contingent upon compliance with the

additional procedural requirements set forth in the Rules of Appellate Procedure.

Affirmed.

_Cohen, J._

WE CONCUR:

_____     _Díaz, J._